May Term,
1859.

THE STATE
v.
FREEMAN.

THE STATE *v.* FREEMAN.

At common law, it is for the Court, and not the jury, to decide whether, under the circumstances of the case, a confession of guilt is admissible; but the statute allows all confessions, save those produced by threats, to be given in evidence.

The words addressed to the accused must involve a threat; and the motive to confess, produced thereby, must be such as to so' operate on his mind as to render it doubtful whether the confession is worthy of credit.

Prosecution for stealing three twenty-dollar gold-pieces. The defendant, upon his arrest, was told that there was "no use in denying it; that the gold-pieces had been found where he passed them; that he had better own up to it." He then confessed the larceny. *Held,* that this language was that of inducement, and that, under the statute, the confession was admissible in evidence.

Wednesday,
May 25.

APPEAL from the *Grant* Circuit Court.

DAVISON, J.—Indictment charging the defendant with having feloniously stolen three twenty-dollar gold-pieces, of the value of 20 dollars, the property of one *John Lowe.* Plea, not guilty, and verdict for the defendant. The state appeals upon a reserved case.

The record shows that during the trial, one *William Kann* was introduced, who testified thus: "I was a constable. On the 10th of *March,* 1858, I proceeded, in company with said *Lowe,* to arrest the defendant. We met him on the road. I told him I had a warrant for his arrest. He appeared to be a little agitated. He asked what it was for. *Lowe* then told him it was for stealing his, *Lowe's,* money. Defendant denied it. *Lowe* replied that there was no use in denying it; that he had found where he, defendant, had passed two of the twenty-dollar gold-pieces, and could prove it. I then told the defendant that he had better just own up to it. This conversation was had in a positive tone, but in a mild and calm manner, not boisterous or commanding."

At this stage of the testimony, the Court, at the instance of the defendant, refused to permit the witness to disclose any confessions made to him by the defendant on that occasion, in reference to his guilt, upon the ground

that such confessions were made under the influence of fear produced by threats. To this ruling the state excepted; and thereupon she offered to prove by the same witness, that defendant, about an hour after the above conversation, while in witness's custody, on their way, by themselves, to *Marion*, of his own accord, without anything further having been said by witness to defendant in relation to the larceny, entered into a conversation about it, and made a full disclosure of all the circumstances, fully admitting and confessing to witness that he, defendant, had committed the larceny as charged in the indictment. This offer was resisted by the defendant, and refused by the Court, and the state excepted, &c.

At common law, it is for the Court, and not the jury, to decide whether, under the particular circumstances of the case, the confession be admissible. But in reference to this rule, we have a statute which says:

"The confession of the defendant, made under inducements, with all the circumstances, may be given in evidence against him, except when made under the influence of fear produced by threats; but a confession made under inducement is not sufficient to warrant a conviction without corroborating testimony." 2 R. S. p. 373, § 93.

This enactment modifies essentially the common-law rule; because its effect is to allow all confessions of guilt, save those produced by threats, to be given in evidence to the jury. And unless, in this instance, the confession was so produced, it should have been admitted.

What shall be considered such a threat, has been illustrated in a variety of cases. Thus, saying to a prisoner that it would be worse for him if he did not confess, is sufficient to exclude a confession. So, a confession induced by saying, " Unless you give me a more satisfactory account, I will take you before a magistrate;" or by saying, " That unfortunate watch has been found; and if you do not tell me who your partner was, I will commit you to prison," cannot be given in evidence. 2 Russ. on Crimes, 831, and cases there cited. The result of these illustrations, and others that might be noted, seems to be, that

May Term,  the words addressed to the accused must involve a threat;
1859.    and the motive to confess thereby produced, must be suffi-
JOHNSON   cient so to operate on his mind as to render it doubtful
v.      whether the confession should be relied on as worthy of
CHAMBERS.  credit.   2 Greenl. Ev., § 220.

If this exposition be correct, and we think it is, the con-
fession in this case was plainly admissible; because the
evidence fails to prove any threat, or statement involving
a threat, in any degree calculated to move the defendant
to confess his guilt.   He was told that there was no use
in denying it; that the gold-pieces had been found where
he passed them; and that he had better own up to it; but
this is simply language of inducement; and though it may
have induced the confession, still, a confession so induced
is admissible under the statute.

*Per Curiam.*—The appeal is sustained with costs.

*H. S. Kelly* and *J. M. Harlan*, for the state.