## THE STATE v. HALL.

CRIMINAL LAW.—*Acquittal of Defendant.—Appeal by State.—Supreme Court.—Statute Construed.*—Where, in a criminal prosecution, whether upon evidence regularly given or an agreed statement of facts, the defendant is acquitted, the State can not, under section 119, 2 R. S. 1876, p. 405, appeal to the Supreme Court upon the mere question, as to whether the finding or verdict is sustained by the evidence.

From the Warrick Circuit Court.

*C. A. Buskirk*, Attorney General, and *G. L. Reinhard*, Prosecuting Attorney, for the State.

*A. J. Rutledge*, for appellee.

WORDEN, J.—The appellee was indicted in the court below for selling, and also for giving away, intoxicating liquor to a minor.

Upon the trial by the court, he was acquitted, and the State brings the case to this court. There is no question

whatever in the record, except that arising upon the evidence. That question is, whether the evidence was sufficient to establish the defendant's guilt.

But a preliminary question arises, viz.: Whether any appeal lies to this court in such a case.

The statute provides, that " The prosecuting attorney may except to any opinion of the court during the prosecution of the cause, and reserve the point of law for the decision of the Supreme Court. The bill of exceptions must state clearly so much of the record and proceedings as may be necessary for a fair statement of the question reserved. In case of the acquittal of the defendant, the prosecuting attorney may take the reserved case to the Supreme Court upon an appeal at any time within one year. The Supreme Court is not authorized to reverse the judgment upon such appeal, but only to pronounce an opinion upon the correctness of the decision of the court below. The opinion of the Supreme Court shall be binding upon the inferior courts, and shall be a uniform rule of decision therein. When the decision of the court below is decided to be erroneous, the appellee must pay the costs of the appeal." 2 R. S. 1876, p. 405, sec. 119.

We think it clear, that, by the statutory provision above quoted, it was intended, in case of an acquittal, to allow the State an appeal from the decision of the court below upon some matter of law only, and not from such decision upon matter of fact. The purpose of allowing such appeal by the State was the correction of such errors in point of law as the courts below might fall into during the prosecution of a cause, by deciding against the State; the decision of the Supreme Court thus furnishing a rule for the guidance of the courts below in future cases. It was clearly not intended, where a criminal cause is tried by the court, or by a jury, resulting in an acquittal, that the State may appeal to this court, without having any question of law reserved, and obtain its opinion upon the

correctness of the acquittal under the evidence. The opinions which this court is authorized to pronounce, on an appeal by the State, under the statute, must be upon matter of law, and not of fact. Such opinions upon matters of law might be binding upon the courts below on the trial of future causes; but the opinions of this court upon matters of fact can be binding upon no one, except in the case in which they are pronounced. Opinions of the latter class could not form a rule of decision binding upon the inferior courts. Juries and courts, when causes are tried by the court without a jury, have a right to exercise their own untrammelled judgment, in determining whether the evidence establishes the guilt of the accused. The courts may, to be sure, control the verdicts of juries, if convictions are had without sufficient evidence, by setting them aside, and granting new trials; but they have no power over verdicts of acquittal.

In the case before us, there was an agreed statement of facts filed, on which the cause was submitted for trial; but still it was a question of fact, whether, upon the agreed statement, the defendant's guilt was established.

We are of opinion, that no appeal lies by the State in such case.

The appeal is dismissed.