## THE STATE v. VAN VALKENBURG.

CRIMINAL LAW.—*Supreme Court.*—*Appeal by State From Acquittal.*—Where the defendant in a criminal prosecution is acquitted, the State can appeal to the Supreme Court for its opinion upon matters of law only, and not upon matters of fact.

The State *v.* Van Valkenburg.

SAME.—*Assignment of Error.—Practice.*—An assignment of error in such case, that the court erred in acquitting the defendant, presents no question for decision.

SAME.—The particular error of law intended to be reached by such appeal should be assigned as error.

From the Pulaski Circuit Court.

*C. A. Buskirk,* Attorney General, for the State.

WORDEN, J.—The appellee was indicted for retailing intoxicating liquor without a license, and, upon trial by the court, was acquitted.

The State appeals, and has assigned as error the finding of the court, that the defendant was not guilty as charged in the indictment.

This assignment presents no question for our consideration.

This court can not review the finding of the court below on questions of fact, where the finding is for the defendant, in a criminal case. The court could not grant the State a new trial in such case, nor is there any provision in the statute authorizing this court to review and pronounce an opinion upon the facts. It is only upon matters of law, that the State may bring a case to this court for its opinion, where the defendant has been acquitted upon trial; nor can this court reverse the judgment upon an acquittal, though error may have intervened. 2 R. S. 1876, p. 405, sec. 119.

If, during the progress of the trial, error has intervened, to the prejudice of the State, either in admitting or excluding evidence, or otherwise, the error should be assigned. Such error is not embraced in an assignment that the court erred in its finding upon the facts.

Such error as is here assigned only goes to the correctness of the finding upon the evidence which was adduced and admitted.

The appeal is dismissed.