THE STATE *v.* ROUSCH.

CRIMINAL LAW.—*Appeal by State From Judgment of Acquittal.*—*Statute Construed.*—*Arrest of Judgment.*—The appeal to the Supreme Court, by the State, in a criminal prosecution authorized by clause 2, section 150, 2 R. S. 1876, p. 411, from "an order of the court, arresting the judgment," lies only from such an order, when made on motion of the defendant for some of the statutory causes authorizing an arrest of judgment.

SAME.—*Insufficiency of Evidence.*—Insufficiency of the evidence to sustain a finding of acquittal is no ground for a motion in arrest of judgment.

From the Huntington Circuit Court.

*C. A. Buskirk,* Attorney General, and *A. Moore,* Prosecuting Attorney, for the State.

*B. F. Ibach,* for appellee.

PERKINS, J.—Indictment against Rousch, charging him with having sold fifteen cents worth of malt liquor to a minor.

Plea, not guilty; trial; acquittal of the defendant; and appeal by the State to this court.

The evidence, which appears in a bill of exceptions, established these facts, viz.: That one Mr. Fisher, proprietor of a shoe-shop and an adult, sent a boy seventeen years of age, with fifteen cents in money and a pitcher, to the room of the defendant, to get for him a pitcher of beer. The boy stated the facts to the defendant, who took the fifteen cents from him, and sent back to Fisher, the real purchaser, the pitcher, filled with beer, which the hands in the shoe-shop drank, giving a glass to the boy who went for the beer.

The court acquitted and discharged the defendant.

The State excepted, and moved in arrest of judgment, which motion was overruled.

Our statute enacts, 2 R. S. 1876, p. 411, sec. 150, that "Appeals to the Supreme Court may be taken by the State in the following cases, and no others:

"*First.* Upon a judgment for the defendant, on quashing or setting aside an information or indictment;

" *Second.* Upon an order of the court, arresting the judgment;

" *Third.* Upon a question reserved by the State."

The case before us is not brought within either of the specified classes in which an appeal by the State may be taken.

The judgment was not on quashing or setting aside the indictment; not upon an order arresting judgment against a defendant; nor upon a question reserved by the State.

It seems clear to us, that, after a trial and acquittal of the defendant upon the evidence, the overruling of a motion by the State to arrest such judgment is not a judgment order of the court, arresting the judgment, contemplated by the section of the code above quoted.

The judgment was not in fact arrested. The clause of the section of the statute allowing an appeal by the State, upon an order of the court arresting judgment, applies only to an order of arrest granted on motion of the defendant in the cause, on the ground of insufficiency of the indictment or want of jurisdiction in the court where conviction may have been had.

After a defendant has been acquitted on a trial upon the merits, on a valid indictment, he can not again be put in jeopardy for the offence charged in that indictment; and therefore it would be a vain act to arrest the judgment in his favor, as an arrest on account of insufficiency of evidence would not, as a general rule, settle any principle of law.

Insufficiency of the evidence is no ground of a motion in arrest of judgment. Accordingly, it is enacted in our criminal code, 2 R. S. 1876, p. 409, that:

" Sec. 144. A motion in arrest of judgment is an application on the part of the defendant that no judgment be rendered on a plea or verdict of guilty, or finding of

the court, and may be granted by the court for either of the following causes:

" *First.* That the grand jury who found the indictment had no legal authority to inquire into the offence charged, by reason of it not being within the jurisdiction of the court.

" *Second.* That the facts stated do not constitute a public offence.

" Sec. 145. The court may also, on its view of any of these defects, arrest the judgment without motion.

" Sec. 146. The effect of allowing a motion in arrest of judgment is to place the defendant in the same situation in which he was before the indictment was found, except in cases otherwise provided for.

" Sec. 147. When judgment is arrested in any case, and there is reasonable ground to believe that the defendant can be convicted of an offence if properly charged, the court may order the defendant to be recommitted, or admitted to bail anew, to answer a new indictment."

The appeal in this case should be dismissed.

Dismissed.