THE STATE v. CAMPBELL.

CRIMINAL LAW.—*Assault and Battery, with Intent.*—*Former Conviction of the Assault and Battery.*—*Instruction directing Acquittal.*—*Question of Law Reserved.*—On the trial of a defendant indicted for assault and battery, with intent to murder, the court instructed the jury that, " under the evidence, had the defendant killed" the person assaulted, he " would have been guilty of involuntary manslaughter ;" that, if they found him guilty of the intent charged, "under the evidence it would be " the duty of the court " to set the verdict aside ; " and that, "as it is admitted that the defendant has been fined for the assault and battery," they should " bring in a verdict of not guilty."

*Held,* on appeal by the State, on a question of law reserved as to the correctness of the instruction, that its correctness depends wholly upon the evidence in the case, and as that would involve a decision by the Supreme Court on a matter of fact only, the appeal is not authorized by section 119, 2 R. S. 1876, p 405.

From the Montgomery Circuit Court.

*T. W. Woollen,* Attorney General, *G. W. Collings,* Prosecuting Attorney, *D. A. Roach* and *A. B. Cunningham,* for the State.

*G. W. Paul* and *J. E. Humphries,* for appellee.

WORDEN, J.—The appellee was indicted, in the court below, for an assault and battery upon the person of one Manners Washburn, by shooting him with a pistol, with intent to murder him. Upon trial he was acquitted and, the State appeals upon the question involved in the giving of the following charge by the court to the jury, viz. :

" I am of the opinion, in this case, that, under the evidence, had the defendant killed Manners Washburn, he would have been guilty of involuntary manslaughter ; and, if you were to bring in a verdict finding him guilty of the intent to kill and murder said Manners Washburn, under the evidence in this case, it would be my duty to set the verdict aside ; and, as it is admitted that the defendant has been fined for the assault and battery, charged in the indictment, upon Manners Washburn, you will bring in a verdict of not guilty.

The latter branch of the charge was clearly right, if the first was ; for, if the defendant was not guilty of the intent charged, and had been fined for the assault and battery, he was entitled to an acquittal.

The charge was equivalent to a statement, by the court to the jury, that there was no evidence tending to show that the assault and battery charged was perpetrated by the defendant with an intent to kill Washburn, and that the jury should acquit him of such intent.

We have no doubt, if there was no evidence tending to prove the intent charged, that the court had a right to give the charge and direct an acquittal. *Dodge* v. *Gaylord,* 53 Ind. 365, and authorities there cited.

We might look into the evidence, which is contained in the record, and say whether, in our opinion, there was or was not any evidence tending to establish the intent charged, and therefore whether, in our opinion, the charge was or was not correctly given, but in so doing we should be deciding a question of fact, rather than one of law ; for the correctness of the charge depends upon the presence or absence of evidence tending to prove the intent charged in the indictment. And the question arises whether an appeal lies to this court in such case.

If the charge were not dependent upon the evidence for its correctness, an appeal would doubtless lie. But where we can not pass upon the correctness of a charge without, for that purpose, passing upon the facts of the case, we think an appeal by the State does not lie.

It was not intended, by the statute authorizing the State to appeal in cases of acquittal, 2 R. S. 1876, p. 405, sec. 119, that this court should review questions of fact decided in the court below, but only questions of law. *The State* v. *Hall,* 58 Ind. 512 ; *The State* v. *Van Valkenburg,* 60 Ind. 302.

The object of such appeal is, not to obtain a reversal of

the judgment below, but to settle a rule of law that shall be binding on the inferior courts, and for their guidance in future cases.

As was said in the case of *The State* v. *Hall, supra,* "The opinions which this court is authorized to pronounce, on an appeal by the State, under the statute, must be upon matter of law, and not of fact. Such opinions upon matters of law might be binding upon the courts below on the trial of future causes; but the opinions of this court upon matters of fact can be binding upon no one, except in the case in which they are pronounced. Opinions of the latter class could not form a rule of decision binding upon the inferior courts."

If we were to look into the evidence in the case before us and determine whether, in our opinion, there was or was not evidence tending to prove the intent charged in the indictment, and therefore whether the charge was or was not correctly given, our conclusion upon that subject would be binding upon no one, and could not furnish a rule of decision for the guidance of the courts below.

The appeal is dismissed.