THE STATE *v.* OVERHOLSER.

CRIMINAL LAW.—*Insufficiency of Evidence to sustain Indictment.—Discretion of Court.*—Where there is no evidence fairly tending to sustain the charge in an indictment, the trial court will not be guilty of any abuse of discretion either in refusing to allow the argument to proceed or in instructing the jury to return a verdict of not guilty.

SAME.—*Practice.—Appeal by State.—Supreme Court.*—Where the Supreme Court can not render a decision upon a matter of law reserved in a criminal cause, without first passing upon the facts of the case, no appeal can be taken by the State.

From the Howard Circuit Court.

*T. W. Woollen,* Attorney General, and *J. A. Swoveland,* Prosecuting Attorney, for the State.

*M. Bell* and *M. McDowell,* for appellee.

NIBLACK, J.—At the May term, 1879, of the court below, the appellee, Jacob Overholser, was indicted for grand larceny. At the September term, 1879, he was tried by a jury and acquitted of the charge.

After the evidence was concluded, the prosecuting attorney insisted upon his right to argue both the law and facts of the cause before the jury, but the court refused to permit him to make any argument to the jury. The court thereupon, on its own motion, instructed the jury as follows:

" Gentlemen of the jury: I feel that, owing to the state of the evidence in this case, a conviction would not be warranted by law. I therefore direct you to retire and return a verdict of not guilty."

The prosecuting attorney excepted to the decision of the court refusing to permit him to argue the case before the jury, as well as to the giving of this instruction, and has appealed to this court, in the name of the State, upon the question thus reserved.

If, in this case, there was no evidence fairly tending to sustain the charge in the indictment, then we think the

court was not guilty of any abuse of its discretion either in refusing to allow the argument to proceed or in giving the instruction set out as above. But, to enable us to review the action of the court in respect to the matters complained of, it would be necessary for us first to go through the evidence and to determine what it may have tended, or may not have tended, to prove. That would be requiring us first to express an opinion upon the facts of the case, and then to draw conclusions of law from those facts, which would be a proceeding, in our opinion, not contemplated by the statute authorizing appeals by the State in criminal cases, upon questions reserved at the trial. 2 R. S. 1876, pp. 404, 405, 411, secs. 118, 119, 150.

Where this court can not render a decision upon a matter of law, reserved in a criminal cause, without first passing upon the facts of the case, no appeal can be taken by the State. *The State* v. *Campbell*, 67 Ind. 302.

The questions discussed by counsel are, therefore, not presented in such a way as to require us to make any decision upon them, and the appeal will have to be dismissed.

The appeal is dismissed accordingly.