### THE STATE v. ENOCHS ET AL.

CRIMINAL LAW.—*Compelling Witness to Criminate himself.*—*Constitutional Law.*—*Trespass on Lands.*—That part of section 14 of the act defining misdemeanors, 2 R. S. 1876, p. 463, providing that " any person concerned in such trespass " on lands " may be compelled to testify against any other person therein concerned," is in conflict with section 14 of the Bill of Rights of the Constitution of this State, and is therefore void.

From the Washington Circuit Court.

*T. W. Woollen,* Attorney General, and *F. L. Prow,* Prosecuting Attorney, for the State.

*S. B. Voyles* and *H. Morris,* for appellees.

Howk, C. J.—This was a prosecution against the appellees, upon affidavit and information, filed originally in the circuit court.

The affidavit of one Samuel J. Goodpaster charged, in substance, that on the 11th day of July, 1877, in Washington county, Indiana, the appellees, " Curtis Enochs and Lemuel Enochs, did then and there unlawfully cut down, on lands belonging to said Samuel J. Goodpaster, in said county situate, one green poplar tree growing in and attached to the soil of said lands; said tree being then and there of the value of eight dollars, and the property of said Samuel J. Goodpaster; they, the said Curtis Enochs and Lemuel Enochs, did then and there do, without license from said owner of said lands, or any other competent authority," etc.

On arraignment, the appellees' plea to the information

was, that he was not guilty as therein charged. The cause, by consent, was tried by the court, and a finding was made for the appellees, that they were not guilty as charged, and judgment was rendered accordingly.

During the progress of the trial, the prosecuting attorney, on behalf of the State, duly saved and reserved, by a proper bill of exceptions, a point of law for the decision of this court; and it is the sole object of this appeal, to obtain an opinion from this court, which shall be " a uniform rule of decision" in all the courts of this State, on the question reserved.

On the trial of the cause, it is shown by the bill of exceptions that " the State offered to prove by Gustavus Casper, a witness, that the defendants, Curtis Enochs and Lemuel Enochs, cut the tree as charged in the affidavit and information, on the 11th day of July, 1877 ; " and to that end the prosecuting attorney asked the witness Casper the following question :

" What do you know, if any thing, of the defendants, Curtis Enochs and Lemuel Enochs, cutting down a poplar tree on the lands of Samuel J. Goodpaster, on the 11th day of July, 1879 ? "

To which question the witness answered as follows : " I can not answer that question without criminating myself."

Thereupon the prosecuting attorney moved the court to order and compel the witness to answer the said question, which motion the court overruled, upon the ground, that, as the witness had said, in response to the question, he could not answer it without criminating himself, he could not be compelled to testify against himself, or when his testimony would criminate himself. To this decision the State, by its attorney, excepted and reserved the question or point of law for the decision of this court.

The question thus reserved for the decision of this

court is this :   In a criminal prosecution, such as this
case was, can a witness, after he has said under oath
that he can not answer a question, in regard to what
he knows about the offence charged, without criminating
himself, be compelled by the court to answer such
question ?   We are clearly of the opinion that this ques-
tion must be answered in the negative, in all criminal
cases wherein the law has not especially provided that
such self-criminating evidence of the witness shall not
be used in any prosecution against him, for his partici-
pation in the commission of the offence charged and
then on trial, or perhaps for any other offence.   By the
last clause of section 14 of the Bill of Rights in the con-
stitution of this State, it is expressly provided that " No
person, in any criminal prosecution, shall be compelled to
testify against himself."   1 R. S. 1876, p. 23.

Under this provision, it is clear, we think, that if the
evidence of the witness Casper, in answer to the question
propounded to him by the prosecuting attorney, could be
lawfully used in any prosecution against such witness for
an alleged participation in the offence for which the
appellees were then on trial, or, perhaps, for any other
offence, the witness could not be compelled to answer such
question.   It is equally clear, as it seems to us, that the
evidence of the witness, in answer to the question pro-
pounded, if it had criminated him by showing that he
was a guilty participant in the alleged trespass for which
the appellees were then on trial, could have been lawfully
used in a prosecution against such witness for his partici-
pation in such offence, or, perhaps, for any other offence,
unless such evidence was made inadmissible, in a prosecu-
tion against such witness, by some statutory provision, and
we know of no such provision.   This we understand to
be the construction given by this court to the consti-
tutional provision, above quoted, in the cases of *Wilkins*

v. *Malone,* 14 Ind. 153, and of *Frazee* v. *The State,* 58 Ind. 8.

It appears from the affidavit on which this prosecution was founded, the substance of which affidavit is set out in this opinion, that the appellees were therein charged with the commission of the misdemeanor which is defined in section 14 of the misdemeanor act of June 14th, 1852, as said section was amended by an act approved March 4th, 1861. 2 R. S. 1876, p. 463; Acts 1861, p. 145.

In said amended section 14, it is provided that " any person concerned in such trespass may be compelled to testify against any other person therein concerned." This section contains no provision that the evidence thus obtained by compulsion from a person concerned shall not be used in any prosecution against such person, for such trespass; nor does it provide that such person, so compelled to testify, shall be exempt from prosecution or punishment for such trespass. It seems to us, therefore, that the provision above quoted from said amended section 14 of the misdemeanor act is in direct contravention of both the letter and the spirit of the clause above quoted from the 14th section of the Bill of Rights, and is therefore void.

For the reasons given, we are of the opinion that the court committed no error in overruling the motion of the prosecuting attorney to compel the witness Casper to answer the question propounded to him, after he had testified that he could not answer such question without criminating himself.

The appeal of the State, in this case, is not sustained.

Petition for a rehearing overruled.