### THE STATE v. PHILLIPS.

[No. 3,241.   Filed November 27, 1900.]

CRIMINAL LAW.—*Appeal by State.*—*Question of Fact.*—A judgment of acquittal will not be reviewed on appeal on an assignment of error that "the court erred in its rulings upon the point of law reserved by the State for the decision of this court, in that it found appellee not guilty upon the agreed statement of facts," since such assignment presents for review only a question of fact, and not one of law.

From the Kosciusko Circuit Court.   *Appeal dismissed.*

*W. L. Taylor,* Attorney-General, *Merrill Moores, C. C. Hadley* and *M. H. Summy,* for State.

*L. R. Stookey* and *A. F. Biggs,* for appellee.

ROBINSON, J.—Appellee was convicted before a justice of the peace of hunting on the enclosed land of another without written consent, contrary to the provisions of §2220 Burns 1894, §2110 Horner 1897. He appealed to the circuit court and from a judgment of acquittal the State appeals. The error assigned is as follows: "The court erred in its rulings upon the point of law reserved by the State for the decision of this court, in that it found appellee not guilty upon the agreed statement of facts." Appellee suggests that as no bill of exceptions has been filed, no question of law is properly reserved for decision by this court.

The statute provides that appeals may be taken by the State, upon a judgment for the defendant on quashing or setting aside an indictment or information, upon an order of the court arresting the judgment, or upon a question reserved by the State.   §1955 Burns 1894, §1882 Horner 1897.   Section 1915 Burns 1894 provides: "The prosecut-

ing attorney may except to any opinion of the court during the prosecuting of any cause, and reserve the point of law for the decision of the Supreme Court. The bill of exceptions must state clearly so much of the record and proceedings as may be necessary for a fair statement of the question reserved. In case of the acquittal of the defendant, the prosecuting attorney may take the reserved case to the Supreme Court upon an appeal at any time within one year."

The case at bar was not an agreed case. There was an agreement as to the facts. The agreed facts constituting the evidence have not been brought into the record, nor has any part of the evidence been brought into the record, by any bill of exceptions. But even if the evidence, or so much as would be necessary to present the question reserved, had been brought up by a bill of exceptions, no question is presented by the assignment of error. The assignment is in effect that the court erred in finding appellee not guilty as charged. The opinion which this court is authorized to pronounce on appeals by the State must be upon matter of law and not of fact. The purpose in allowing appeals by the State where a defendant has been acquitted upon trial is not to correct any error in the particular case, but to furnish a rule for the guidance of trial courts in future cases. The State could not be granted a new trial, nor does the above statute authorize this court to review the facts and pronounce an opinion upon them. Should we in such a case look into the evidence and determine whether there was or was not evidence to sustain a conviction such determination would be binding upon no one nor would it furnish any rule for the guidance of trial courts. The error assigned presents for review only a question of fact, and not of law. See *State* v. *Campbell,* 67 Ind. 302; *State* v. *Van Valkenburg,* 60 Ind. 302; *State* v. *Hall,* 58 Ind. 512; *State* v. *Rousch,* 60 Ind. 304.

Appeal dismissed.