## THURMAN *v.* THE STATE.

[No. 21,017. Filed October 31, 1907.]

1. EVIDENCE. — *Confessions.* — *Inducement.* — *Statutes.* — *Criminal Law.*—Under §1880 Burns 1905, Acts 1905, pp. 584, 637, §239, confessions made under inducement, with the circumstances thereof, are admissible against the defendant, except when procured by threats, intimidation or undue influence. p. 241.

2. SAME.—*Confessions.*—*Voluntary.*—*Presumptions.*—The presumption is that a confession was voluntarily made. p. 242.

3. SAME.—*Confessions.*—*Admissibility.*—*Weighing Evidence.*—*Appeal.*—The trial court's decision on the admissibility of a confession, made upon conflicting evidence, will not be disturbed on appeal. p. 242.

From Henry Circuit Court; *John M. Morris*, Judge.

Prosecution by the State of Indiana against Frank Thurman for murder. From a judgment of life imprisonment, defendant appeals. *Affirmed.*

*Fred C. Gause* and *William A. Brown*, for appellant.

*James Bingham,* Attorney-General, *A. G. Cavins, H. M. Dowling, E. M. White* and *George M. Barnard,* Prosecuting Attorney, for the State.

MONKS, J.—Appellee was charged by indictment with the crime of murder in the first degree. A trial of said cause resulted in a verdict of guilty of the offense charged, and over a motion for a new trial final judgment was rendered thereon.

The errors assigned, and not waived, call in question the action of the court in overruling the motion for a new trial.

The only causes for a new trial relied upon for a reversal were the admission in evidence of a written confession of appellant, and the testimony of five witnesses of oral confessions of appellant. The written confession was signed, and the oral confessions were made by appellant while confined in the county jail on the charge of murder of which he was convicted.

1. 

The objection urged to said confessions, oral and written, was that the same were "produced by threats and fear of mob violence, and were not voluntary."

Section 2115 Burns 1908, Acts 1905, pp. 584, 637, §239, in force when this offense was committed, and which therefore governed at the trial of the cause (*Miller* v. *State* [1905], 165 Ind. 566, 570, 571), provides: "The confession of a defendant made under inducement, with all the circumstances, may be given in evidence against him, except when made under the influence of fear, produced by threats or by intimidation or undue influences; but a confession made under inducement is not sufficient to warrant a conviction without corroborating evidence."

The court excused the jury, and, after hearing the evidence of the appellant and the State, held that said confessions, oral and written, were admissible in evidence under §2115, *supra.*

It has been held by this court that "a confession by a person accused of crime is presumed to be voluntarily made until the contrary is shown." *Hauk* v. *State* (1897), 148 Ind. 238, 252. See, also, *Ginn* v. *State* (1903), 161 Ind. 292, 293.

As the evidence given to the court on the hearing of this question takes up some seventy-five pages of record it would unnecessarily extend the opinion to set it out; but we have read the same, and are of the opinion that the court did not err in admitting the evidence of said confessions. Moreover, as the question whether said confessions or any of them were made by appellant "under the influence of fear produced by threats, or by intimidations or undue influences," was an issue of fact before the court below for its determination, and as there was evidence introduced which fully supports its decision that said confessions were competent evidence, we are not authorized to weigh the evidence given to the court or interfere with said decision. *Hauk* v. *State, supra,* and cases cited; *Keyes* v. *State* (1890), 122 Ind. 527, 532; *Smith* v. *State* (1895), 142 Ind. 288, 298.

It follows that the court did not err in overruling the motion for a new trial. Judgment affirmed.