## THE STATE OF INDIANA *v.* LAUGHLIN.

[No. 21,171.   Filed May 15, 1908.   Rehearing denied October 13, 1908.]

1. EVIDENCE.—*Confessions.—Exclusion of.—Appeal by State.— Criminal Law.*—On an appeal by the State upon a reserved question of law consisting of the trial court's exclusion of a confession made by defendant, the Supreme Court will decide same although such exclusion included a decision on a matter of fact as well as of law.   p. 69.

2. SAME. — *Confessions. — Admissibility. — Statutes.*—Under §2115 Burns 1908, Acts 1905, pp. 584, 637, §239, all acknowledgments of guilt are admissible in evidence, "except confessions made under the influence of fear produced by threats, intimidation or undue influences"; and any confession is *prima facie* admissible, the burden of showing the contrary being upon the defendant.   p. 70.

3. SAME.—*Confessions.—Duress.*—The mere fact that a confession was made in jail, in the presence and custody of officers, and upon interrogations of the prosecuting attorney does not render it inadmissible in evidence.   p. 70.

4. SAME.—*Confessions.—Duress.*—A confession made by defendant while in jail and in the custody of the officers, to the prosecuting attorney after being advised by such prosecuting attorney that he was free to confess or not to confess, and that he might consult with an attorney if he so desired, but defendant freely and voluntarily told of the part he took in the crime charged, is admissible in evidence against him, notwithstanding his intoxication, such intoxication affecting only his credibility.   p. 70.

From Allen Circuit Court; *E. O'Rourke,* Judge.

Prosecution by The State of Indiana against Charles Laughlin. From a judgment for defendant, the State appeals. *Appeal sustained.*

*James Bingham,* Attorney-General, *A. G. Cavins, H. M. Dowling* and *E. M. White,* for the State.

*John W. Eggemann* and *Wilmer Leonard,* for appellee.

MONTGOMERY, J.—Appellee was indicted, tried by jury, and acquitted upon a charge of murder. This appeal was taken upon a question reserved by the State under section 286 and clause three of section 325 of an act concerning

public offenses (Acts 1905, pp. 584, 647, 656, §§2162, 2211 Burns 1908).

By the record it is made to appear that upon the trial it became a material question whether the deceased was killed by appellee, as charged, or that one Kennedy struck the fatal blow. The State on its behalf called Elmer Voirol as a witness, who testified that he heard a conversation between appellee and the prosecuting attorney, held at the police station in the city of Ft. Wayne early in the morning of September 7, 1906, a few hours after the fatal encounter; that witness had done some work as deputy prosecutor, but was not such officer at the time, but was by occupation a stenographer, and that he took shorthand notes of such conversation, which notes he had kept in his own possession continuously since their taking, and then held; that the conversation mentioned occurred shortly after midnight, and the accused had been incarcerated about half an hour before that time; that appellee was then twenty-three years of age, and partially under the influence of liquor; that he was brought up to the private office of the chief of police for the purpose of taking down in writing any statement he might be willing to make; that the room in which the conversation occurred was ten by twelve feet in size, and the prosecuting attorney, chief of police and his son, Sergeant Pappert, Captain Richelderfer, appellee and the witness were present; that two or three of the police officers were in uniform, and on one side of the room was a case containing five or six guns, rifles, and ammunition, and there were other weapons in the room; that appellee had no attorney, relatives or friends present; that he was not handcuffed, and said that he did not want to be represented by an attorney, but consented to answer questions, and made a statement of his own free will, but said nothing about having his statement taken down; that the prosecuting attorney did not inform appellee that he was charged with the crime of murder, but in the presence of the witness said: "Mr. Laughlin, I

want to state to you that you are under no obligation to make any statement or declaration to us here unless you wish to do so of your own free will, and any statement you make will be binding on you as an admission, but you do not have to make any admission unless you wish to, and that as prosecuting attorney or as officers we cannot promise you exemption from punishment on account of making this statement. Now, if you are willing to make a statement of your own free will, and without employing an attorney to represent you or protect your interests, you may do so. You have a right, of course, to be represented by counsel, if you wish, before you make this statement, and if you want to tell just the truth about the whole affair you may do so, with the understanding that you just simply want to tell all about it. Do you wish to make the statement?" To which the prisoner answered: "Yes." The other witnesses confirmed these facts, and thereupon the State offered in evidence the examination of appellee by means of questions and answers so made and so taken down in shorthand by the witness Voirol, in which appellee admitted that he struck the deceased upon the head with the butt end of a billiard cue, rendering him unconscious, and gave other details of the trouble.

Counsel for appellee objected to the introduction of the offered evidence, for the reason that at the time of making the admissions appellee was not advised that he was charged with any crime, and was not in fact then charged with a crime, and was not told or fully aware of his rights, and was at the time a prisoner under duress, and in fear and actuated by fear. The court sustained this objection, and excluded the offered evidence, and to this action the State excepted, and at the time notified the court that it reserved the question for the purpose of an appeal to this court.

Appellee has filed a motion to dismiss this appeal, upon the ground that the question presented is one of fact and

not of law, and that at all events this court must first 1. pass upon the facts relating to the question attempted to be presented. Appellee's counsel cite in support of their position the following cases: *State* v. *Hall* (1877), 58 Ind. 512; *State* v. *VanValkenburg* (1878), 60 Ind. 302; *State* v. *Campbell* (1879), 67 Ind. 302; *State* v. *Overholser* (1879), 69 Ind. 144. In each of those cases the trial judge, upon the whole evidence, directed a verdict in favor of the defendant, and the State sought a review of such action, and the holding was that the question presented was one of fact, which this court would not entertain. It is manifest that a review of the facts of a particular case in which the defendant had been acquitted could be of no avail in that case and of no practical service in another case. The purpose of allowing appeals by the State upon reserved questions is to obtain opinions of this court which shall form a rule of decision binding upon the inferior courts of the State. The question involved in this appeal is collateral to the question of the guilt or innocence of the appellee, and was determined by the court independently of the jury. The admissibility of evidence of the class and kind excluded by the trial judge in this case is likely to arise frequently in the trial of criminal causes. A determination of the admissibility of such evidence when offered may incidentally involve a question of fact, and in case of conflict in the evidence with respect to such fact the decision of the trial judge would doubtless be held conclusive; but the improper admission of evidence constitutes error of law available to the defendant as a ground for a new trial in case of conviction, and the improper exclusion of evidence constitutes error of law, upon which the State may reserve a question for appeal in the event of acquittal. Appellee's motion to dismiss this appeal is accordingly overruled.

The statute governing the admissibility of appellee's admissions of guilt reads as follows: "The confession of the defendant made under inducement, with all the circum-

stances, may be given in evidence against him, except when made under the influence of fear, produced by threats or by intimidation or undue influences; 'but a confession made under inducement is not sufficient to warrant a conviction without corroborating evidence.'' Acts 1905, pp. 584, 637, §239, §2115 Burns 1908.

The admissibility of confessions at common law was determined by the trial judge under the particular circumstances of each case. This statute changed that rule

2. to the extent that it makes all acknowledgments of guilt admissible in evidence, ''except confessions made under the influence of fear produced by threats, or by intimidation or undue influences.'' A confession, when offered in evidence against the accused, is *prima facie* admissible, and the necessity of showing its incompetency under the statute is devolved upon him. *Thurman* v. *State* (1907), 169 Ind. 240; *Ginn* v. *State* (1903), 161 Ind. 292; *Hauk* v. *State* (1897), 148 Ind. 238.

If the confession of appellee was otherwise voluntary, it could not be rendered incompetent by the mere circumstance that he was at the time of making it in the

3. custody of officers, or from the fact that his statements were made in response to questions put to him by the prosecuting attorney. *State* v. *Freeman* (1859), 12 Ind. 100; *Harding* v. *State* (1876), 54 Ind. 359; *Benson* v. *State* (1889), 119 Ind. 488; Gillett, Indirect and Collat. Ev., §111; 12 Cyc., 466 and cases cited under note 9.

The circumstances under which appellee made the incriminating statements offered in evidence were fully and clearly shown, without any conflict. Appellee was not

4. persuaded or induced to make any confession, but said that he made it of his own free will, after being advised that he was under no compulsion and would be bound by whatever statement he might make against his interests. No threats were made, and no means of intimidation employed to induce fear, and no influence exercised to coerce a

confession of guilt. He manifested no signs of fear, and no facts were disclosed from which it may be said that he had any ground or reason to apprehend any danger to himself. His intoxication, to the extent shown, might affect his credibility and the weight to be given to his statements, but would not render his confession incompetent. Statements of this character made by an accused shortly after the commission of an offense, under such circumstances as shown in this case, are worthy of the consideration of a trial jury, and clearly competent. The court erred in excluding the confession of appellee, offered in evidence by the State. *Thurman* v. *State, supra; Ginn* v. *State, supra; Hauk* v. *State, supra; Walker* v. *State* (1894), 136. Ind. 663; *Davidson* v. *State* (1893), 135 Ind. 254; *Benson* v. *State, supra; Harding* v. *State, supra; State* v. *Freeman, supra.*

The appeal by the State is sustained, and costs adjudged against appellee.