INDIANAPOLIS OUTFITTING COMPANY *v.* BROOKS.

[No. 8,624.   Filed May 14, 1915.]

APPEAL.—*Record.—Bill of Exceptions.—Dismissal.*—A bill of exceptions, to become a part of the record, must be signed by the trial judge and duly filed with the clerk or in open court, which is a judicial act that can neither be dispensed with nor aided by the certificate of the shorthand reporter; hence where the

bill of exceptions did not appear to have been signed by the trial judge, or filed as required, and the only question sought to be raised related to the admission of evidence, there was nothing before the court for determination and a dismissal of the appeal was required.

From Superior Court of Marion County (88,031); *Clarence E. Weir,* Judge.

Action by Sparks L. Brooks against the Indianapolis Outfitting Company. From a judgment for plaintiff, the defendant appeals. *Appeal dismissed.*

*Harry C. Hendrickson,* for appellant.

*Thomas D. McGee, Edward D. Reardon* and *James H. Drew,* for appellee.

HOTTEL, C. J.—This is an appeal from a judgment in appellee's favor for $124.96 rendered by the Marion Superior Court in an action begun by appellee before a justice of the peace. The only error assigned is the overruling of appellant's motion for a new trial, and the only ground upon which such motion is based relates to an alleged error of the court in refusing to strike out certain testimony of the appellee.

Appellee insists that no question is presented by the appeal for the reason that the evidence is not in the record. There is in the record what purports to be a bill of exceptions setting out certain parts of the evidence given at the trial of the cause and certified to by the reporter, but such bill of exceptions is not signed by the trial judge and there is no affirmative showing that it was ever filed with the clerk of the trial court. A bill of exceptions must be authenticated by the signature of the trial judge and must be filed in the office of the clerk of the court or in open court. *Rose* v. *Chicago, etc., R. Co.* (1914), 181 Ind. 658, 105 N. E. 241; *Hoffman* v. *Isler* (1912), 49 Ind. App. 284, 97 N. E. 188; *Daugherty* v. *Reveal* (1913), 54 Ind. App. 71, 102 N. E. 381. "The certificate of the shorthand reporter is not an essential and does not determine the sufficiency of a bill

of exceptions. It is a judicial act and is determined by the trial judge.'' *Daugherty* v. *Reveal, supra.* As the record comes to us, no question is presented by the appeal and it is therefore dismissed.

NOTE.—Reported in 108 N. E. 867. See, also, 3 Cyc. 43, 45; 2 Cyc. 1083.