## STATE OF INDIANA *v.* SPAHR.

[No. 23,250. Filed November 13, 1917.]

1. CRIMINAL LAW.—*Appeal by State.*—*Questions of Fact.*—The Supreme Court will not pass on questions suggested by the State on appeal from an adverse decision in a criminal case where such questions require a determination of questions of fact, but on an appeal by the State in a murder case under the provisions of §2162 Burns 1914, Acts 1905 p. 584, 647, where the indictment charged that defendant committed the homicide by striking deceased with a shovel and there was some evidence that the assault was with a stone or brick, the Supreme Court, in reviewing an instruction to acquit unless the killing was with a shovel, is not required to pass on any issue of fact or to consider the evidence further than necessary to obtain an under-

standing of the question presented, which action is within the contemplation of the statute.  p. 591.

2. HOMICIDE.—*Indictment.*—*Proof.*—*Variance.*—*Instrument Used.* —In a prosecution for homicide or assault with intent to kill, all material allegations of the indictment must be proved substantially as laid, but the proof of the means of commission of a homicide or assault need not conform strictly to the averment of such means in the indictment, provided the means of death or mode of applying the violence be the same in kind and agrees in substance with those charged, and as to the allegation of the instrument by which death is inflicted, or the assault committed, there is no variance where the proof shows that another instrument than that alleged was used if it was of a similar nature and caused the same character of wound or injury, so that in a prosecution for murder under an indictment charging that the homicide was committed by striking deceased with a shovel and there was some evidence that the assault was with a stone or brick, an instruction to acquit because of variance between the evidence and the charge in the indictment, unless the killing were with a shovel, was erroneous.  p. 591.

From Huntington Circuit Court; *Clifford Jackman,* Special Judge.

Prosecution by the State of Indiana against John Spahr.  Judgment of acquittal, and the State appeals on reserved questions of law.  *Appeal sustained.*

*Ele Stansbury,* Attorney-General, *Arthur Sapp, Otto Kreig* and *C. W. Watkins,* for the State.

*Fred H. Bowers, Milo N. Feightner* and *Charles R. Haller,* for appellee.

SPENCER, C. J.—Appellee was tried and acquitted on an indictment which charges him with the murder of one Arrel Littler by striking said Littler with a shovel. Some of the evidence introduced at the trial tended to sustain the allegations of the indictment, but appellee testified that he struck the deceased with a brick or a stone.  In view of that conflict in the evidence the following instruction was given at the request of appellee: "It is charged in the indictment that the defendant killed the deceased with a shovel.  The weapon used is

one of the essential elements of the indictment to be proved and if you find from the evidence that the deceased, Littler, was killed by a brick, stone or other missile thrown by John Spahr instead of a shovel, that would be such a variance between the evidence and the charge in the indictment as to be fatal to the cause of the state and you should find the defendant not guilty."

On appeal from the judgment of acquittal, under the provisions of §2162 Burns 1914, Acts 1905 p. 584, 647, the State assigns error in the giving of the above instruction and earnestly insists that the rule requiring strict proof of descriptive averments in criminal trials finds qualification in cases of homicide and felonious assault.

It is true, as appellee contends, that this court will not pass on questions suggested by the State on appeal from an adverse decision in a criminal case

1. where such questions require a determination of issues of fact. State v. Overholser (1879), 69 Ind. 144; State v. Campbell (1879), 67 Ind. 302; State v. Hall (1877), 58 Ind. 512. In the present case, however, we are not required to pass on any issue of fact or to consider the evidence given at the trial further than is necessary to obtain a fair understanding of the question presented and this is contemplated by the statute.

There can be no doubt that in prosecutions for homicide or assault with intent to kill, it is necessary that all material allegations of the indictment be proved

2. substantially as laid. On the other hand, "the proof of the means of commission of a homicide or assault need not conform strictly to the averment of such means in the indictment, provided the means of death or mode of applying the violence be the same in kind and agree in substance with those charged. As to the allegation of the instrument by which death is inflicted, or the assault committed, there is no variance

where the proof shows that another instrument than that alleged was used, where it was of a similar nature and caused the same character of wound or injury. The question in each case is whether the nature and character of the injury and the manner and means of inflicting it as proved is practically and substantially, though not identically, the same as that alleged. Thus, evidence as to a dagger, sword, bayonet, hatchet or other cutting instrument has been held to support the averment of a knife; striking with a stick, club, metal bar, or pistol an allegation of striking with a rock; striking with a piece of iron an allegation of striking with a piece of plank; shooting with a pistol, shot gun, rifle, musket, or any kindred weapon, an allegation of killing or assaulting with a gun; shooting with a gun an allegation of shooting with a pistol, and strangling with a scarf or cord, an averment of strangling or choking with the hands." 1 Michie, Homicide, 559-561 and authorities cited. See, also, Ryan v. State (1875), 52 Ind. 167; Long v. State (1888), 23 Neb. 33, 41, 36 N. W. 310; State v. Weddington (1889), 103 N. C. 364, 372, 9 S. E. 577; Webster v. State (1904), 47 Fla. 108, 113, 36 South. 584; State v. Gould (1884), 90 N. C. 658, 663; State v. Smith (1851), 32 Me. 369, 373, 54 Am. Dec. 578; 3 Greenleaf, Evidence (14th ed.) 136, §140; 13 R. C. L. 901, §207; 21 Cyc 872 and cases cited.

In general, it may be said that although an indictment for murder alleges that the act was done with a specified instrument, it is not necessary to prove that the act was done with that *particular* instrument. If the proof shows that the crime was committed through other means, it is sufficient if the nature of the violence and the kind of injury resulting in death is the same. In the present case, the indictment charges that appellee killed Littler by striking him with a shovel but some of the evidence tended to show that he struck him with

a stone or a brick. The nature of the attack, however, is essentially the same in either event and proof of either act would sustain a verdict of guilt as against an objection based solely on the ground of variance. In view of this conclusion, we are required to hold that the instruction above set out is erroneous and should not have been given. Appeal sustained.

NOTE.—Reported in 117 N. E. 648. Sufficiency of an indictment for homicide with respect to description of instrument used, 18 Ann. Cas. 314. See under (1) 12 Cyc 806; (2) 21 Cyc 872.