## OGLE *v.* STATE OF INDIANA.

[No. 23,612. Filed May 25, 1920. Rehearing denied May 9, 1923.]

1. EXCEPTIONS, BILL OF.—*Filing.—Entry Showing.—Sufficiency.* —An order-book entry showing that a bill of exceptions was presented, signed and filed in open court is sufficient to show the filing of the bill of exceptions. p. 189.

2. CRIMINAL LAW.—*Defendant Incriminating Himself.—Waiver of Constitutional Right.*—While the Bill of Rights, Art. 1, §14, Constitution of Indiana, provides that "No person in any criminal prosecution, shall be compelled to testify against himself", this right may be waived. p. 190.

3. CRIMINAL LAW.—*Confession.—Admissibility.*—A confession offered in evidence against the defendant is *prima facie* admissible, and the necessity of showing its incompetency devolves on him. p. 191.

4. CRIMINAL LAW.— *Confession.— Admissibility.*— If a defendant's confession was otherwise voluntary, it would not be rendered incompetent by the circumstance that he was, at the time of making it, in the custody of officers, or from the fact that his statements were made in response to questions put to him by the prosecuting attorney. p. 191.

5. CRIMINAL LAW.—*Confession.—Induced by Fear.—Admissibility.—Statute.*—At common law, the admissibility of confessions was for the trial judge to determine under the particular circumstances of each case, but, under the provision of §2115 Burns 1914, Acts 1905 p. 584, §239, when it appears that a con-

fession has been obtained by fear produced by threats, intimidation or undue influence, the court has no discretion, and should exclude it.   p. 192.

6.   CRIMINAL LAW.—*Confession.*—*Made Under Inducement.*— *Admissibility.*—*Statute.*—Under the express provision of §2115 Burns 1914, Acts 1905 p. 584, §239, a confession of defendant "made under inducement", with all the circumstances, may be given in evidence against him.   p. 192.

7.   CRIMINAL LAW.—*Confession.*—*Admissibility.*—*Statute.*—Construing the provisions of §2115 Burns 1914, (Acts 1905 p. 584, §239) together, the admissibility of a confession against the accused must ordinarily depend on a preliminary question of law and fact, exclusively for the trial court, subject to review on appeal as other like questions.   p. 192.

8.   FIRE MARSHAL. — *Investigations.* — *Judicial Character.* — *Statute.*—Investigations of the State Fire Marshal as to the origin and circumstances of a fire, as authorized by Acts 1917 p. 429, §7441h Burns' Supp. 1921, are of a judicial character.   p. 193.

9.   CRIMINAL LAW.—*Confession.*—*Made before State Fire Marshal.*—*Admissibility.*—Since investigations of fires by the State Fire Marshal are of a judicial character, a confession made before him, or one of his deputies, while he is investigating a fire, to be admissible against a defendant on trial for arson in setting the fire under investigation, must be made of the free will of the defendant, and with full and perfect knowledge of the nature and consequences of the confession.   p. 193.

10.   CRIMINAL LAW.—*Arson.*—*Confession.*—*Harmless Error.*—In a prosecution for arson, where a confession of the defendant, obtained in a questionable manner, was admitted in evidence, but the evidence, aside from the confession, was clearly sufficient to warrant a conviction, the admission of the confession will be deemed harmless.   p. 193.

From Hamilton Circuit Court; *Ernest E. Cloe,* Judge.

Prosecution by the State of Indiana against Allston Ogle.   From a judgment of conviction, the defendant appeals.   *Affirmed.*

*Hottel & Patrick* and *George W. Galvin,* for appellant.

*Ele Stansbury,* Attorney-General, *A. B. Cronk,* Deputy Attorney-General, *Newman T. Miller* and *Connor D. Ross,* for the State.

MYERS, C. J.—In the Hamilton Circuit Court, appellant was convicted of arson. The subject of the arson was a barn located in Hamilton County, and the property of Gilbert Hanna. Appellant was tried by the court. Following the overruling of appellant's motion for a new trial, he was sentenced to imprisonment at the Indiana Reformatory for a period of from two to twenty-one years and to pay a fine of $50.

The only error here assigned is the overruling of the motion for a new trial. Appellee makes the point that the bill of exceptions containing the evidence

1. is not in the record, for the reason that there is no order-book entry showing that such bill was filed after it was signed by the trial judge. We have examined the record on this subject and find an order-book entry showing that the bill was presented, signed and filed in open court. This showing was sufficient in that respect to make the bill a part of the record. *Rose* v. *Chicago, etc., R. Co.* (1914), 181 Ind. 658, 659; *Indianapolis Outfitting Co.* v. *Brooks* (1915), 59 Ind. App. 79.

The motion for a new trial contains various causes, the most important of which is the claimed erroneous admission of certain evidence by the court over appellant's objection, and that the effect of the action of the State Fire Marshal was to grant appellant immunity for the crime with which he was charged.

The uncontradicted evidence shows that the fire, which entirely consumed the building, occurred at night on February 27, 1919; that a few days before, and on the afternoon before the fire, appellant told certain persons that he was going to burn the barn and gave his reasons for his intention; that on the morning after the fire, he admitted to one of these same parties that he had burned it. It further appears that the State

Fire Marshal, on being advised of the fire, instructed one of his assistants to investigate the cause thereof. Thus the investigation was started and continued, and during the progress thereof, an affidavit was filed before a justice of the peace of Hamilton County, charging this appellant with the crime of which he was later convicted. A warrant was issued by the justice of the peace and placed in the hands of an arresting officer who, with other persons, including the Assistant Fire Marshal, proceeded in an automobile to the home of appellant in Madison County, where he was arrested and immediately taken to the State Fire Marshal's office in the city of Indianapolis. Without being interrogated, he left that office with the arresting officer, and on the next morning, in company with such officer, he returned to the Fire Marshal's office when and where he was questioned concerning his connection with the fire.

This examination, at first being in the nature of questions and answers taken down by a shorthand reporter, was finally reduced to writing in narrative form, signed and sworn to by appellant before a notary public, an employee in the Fire Marshal's office. This narration was in the nature of a written confession.

At the trial, which resulted in a conviction, the state, over appellant's objection, was permitted to read in evidence the purported written confession, and witnesses were permitted to testify as to what appellant said concerning the fire and his connection with it while in charge of the arresting officer at the Fire Marshal's office.

The objection urged against the admission of this evidence, and to which appellant has called our attention, is to the effect that it was not admissible as tending to prove appellant's guilt, for the reason that it pertained to admissions of a criminating na-

ture obtained from appellant by the Fire Marshal and his assistants at his office in Indianapolis while appellant was there in custody of the arresting officer, as a part of, and during the investigation then and there being conducted by the Fire Marshal. This objection was grounded on Art. 1, §14, of our Bill of Rights, which provides that "no person, in any criminal prosecution, shall be compelled to testify against himself." No doubt can be entertained as to appellant's right to this constitutional immunity, nor is there any doubt that he may waive this benefit, for, in this instance, the right was a personal privilege, and in no way affected the general public. *Shular* v. *State* (1886), 105 Ind. 289, 299, 55 Am. Rep. 211.

We are thus brought to the question of whether or not appellant waived this constitutional protection. If he did, he cannot be heard to complain. If he did not, then the objection in question should have been sustained.

This court has held that, "A confession, when offered in evidence against the accused, is *prima facie* admissible, and the necessity of showing its incompetency under the statute is devolved upon him. *Thurman* v. *State* (1907), 169 Ind. 240; *Ginn* v. *State* (1903), 161 Ind. 292; *Hauk* v. *State* (1897), 148 Ind. 238. If the confession of appellee was otherwise voluntary, it could not be rendered incompetent by the mere circumstance that he was, at the time of making it, in the custody of officers, or from the fact that his statements were made in response to questions put to him by the prosecuting attorney. *State* v. *Freeman* 12 Ind. 100; *Harding* v. *State* (1876), 54 Ind. 359; *Benson* v. *State* (1889), 119 Ind. 488; Gillett, Indirect and Collat. Ev. §111; 12 Cyc 466 and cases cited under note 9." *State* v. *Laughlin* (1908), 171 Ind. 66, 70.

The circumstances under which appellant was led to

make the confession, or give evidence before the Fire Marshal, pertaining to the fire, are important, since, under our statute, §2115 Burns 1914, Acts 1905 p. 584, §239, provides that confessions "made under the influence of fear, produced by threats or by intimidation or undue influences" are not admissible. At common law, the admissibility of confessions was for the trial judge to determine under the particular circumstances of each case. But as the law now stands, when it appears that a confession has been obtained through any of the means mentioned above, the court has no discretion and should not admit such evidence. However, "the confession of a defendant made under inducement, with all the circumstances, may be given in evidence against him." §2115 Burns 1914, *supra.* Thus, it will be seen that the admissibility of a confession against the accused must ordinarily depend upon a preliminary question of law and fact exclusively for the trial court, subject to review on appeal, as other like questions.

In the instant case, the evidence is not as satisfactory, with reference to what took place in the Fire Marshal's office at the time appellant is said to have given his confession, as we would like to see. But it does appear from the testimony of the Assistant Fire Marshal that appellant was asked—"if he wanted to tell the truth about the matter, come clean on it and tell the truth, or let it go as he had stated in the first place. He says, 'What can you do for me if I tell the truth about it?' (Witness.) I told him it was practically out of my hands; when he told the truth, it was up to the prosecutor and the judge of the court. (Witness.) Well, I told him he could do as he liked about it; that I would rather prove it on him than to have him confess, and he decided he would rather confess; I told him

he could use his own pleasure about it, and he said that he believed that would be the best way out of it."

There is some further testimony of this same witness to the effect that he said to appellant, if he was in appellant's place and wanted to tell the truth, he would do so and throw himself on the mercy of the court, for, if the court saw fit, he might get a reduction of sentence.

There is also evidence tending to show that before any questions were asked appellant, he was advised, "that he had a right to refuse to answer questions if the answers would tend to incriminate him."

· We have no statement from appellant as to what took place at that time, and we will draw no inferences; but

8-10. it is safe to say the Fire Marshal was acting under the statute authorizing him to "investigate as to the origin and circumstances" of the particular fire in question. §7441h Burns' Supp. 1921, Acts 1917 p. 429, §4. Such investigations are, in form, not unlike preliminary examinations before a magistrate, and are of a judicial character. Hence it is essential that a confession before such officer "be made of the free will of the party, and with full and perfect knowledge of the nature and consequences of the confession." 1 Greenleaf, Evidence (15th ed.) §216. While the evidence in the instant case, aside from the confession, was clearly sufficient to warrant a conviction, yet the manner in which the case was handled by the Fire Marshal takes it close to the border line requiring a reversal. However, the satisfactory character of the evidence after excluding that contested would justify us in adopting the theory that the decision is so clearly right that it ought not to be disturbed, even though the action of the Fire Marshal was questionable. *Hay* v. *State* (1912), 178 Ind. 478, Ann. Cas. 1915C

135; *Indiana, etc., Development Co.* v. *Newcomb* (1916), 184 Ind. 250.

The further contention of appellant that §4 of the act of 1917, §7441h Burns' Supp. 1921, *supra,* amending §8 of an act approved March 12, 1913, Acts 1913 p. 556, is unconstitutional and void for the reason, as construed by appellant, that it requires a witness to give incriminating testimony or evidence without granting him immunities or privileges, as provided by Art. 1, §14, of our Constitution.

This might be a very serious question, if from the evidence we could say that appellant was clearly within the purview of the procedure pointed out by §8 as amended, *supra.* *State* v. *Enochs* (1879), 69 Ind. 314; *Bedgood* v. *State* (1888), 115 Ind. 275. We agree with appellant that his presence before the Fire Marshal was compulsory, and as to the effect of that part of the statute with reference to the disobeying of a subpoena, and other processes for the attendance of witnesses, in this case is unimportant, as the warrant took the place of all such processes; but we cannot agree that the evidence conclusively shows a state of facts from which it can be said that appellant, as a party or as a witness, was required to testify either for or against himself, contrary to his own volition. Therefore, as we are now advised, it will be unnecessary in this case to pass upon the constitutionality of §4 of the amendment act, §7441h Burns' Supp. 1921, *supra.*

Finding no error in the record, the judgment is affirmed.