STATE OF INDIANA *v.* RINEHART

[No. 29,974. Filed November 16, 1960.]

*Edwin K. Steers,* Attorney General and *J. Gordon Gibbs,* Prosecuting Attorney, of Danville, for appellant.

*Frank R. Ryan,* of Danville, for appellee.

ARTERBURN, J.—The appellee, defendant below, was charged by affidavit with assault and battery. The cause was submitted to the court for trial without the intervention of a jury. At the conclusion of the State's evidence appellee moved the court for a finding. The

court sustained the motion and discharged the defendant. The prosecuting attorney thereupon appealed this case and the Attorney General joined in the brief. We are not afforded the benefit of any brief by the appellee.

The Attorney General refers to the case of *State* v. *Schroeppel* (1959), 240 Ind. 185, 162 N. E. 2d 683 and says that the Attorney General did not participate or join in the appeal in that case because "the trial court had the duty and obligation to acquit and discharge the defendant, after a trial by the court, if he was not convinced beyond a reasonable doubt of defendant's guilt". We did not have the benefit of the Attorney General's brief in that case. An examination of the opinion in the above case does not reveal whether or not it was a trial by the Court. In the case of the *State* v. *Hall* (1877), 58 Ind. 512 it was said:

"... The purpose of allowing such appeal by the State was the correction of such errors in point of law as the courts below might fall into during the prosecution of a cause, by deciding against the State; the decision of the Supreme Court thus furnishing a rule for the guidance of the courts below in future cases. It was clearly not intended, where a criminal cause is tried by the court, or by a jury, resulting in an acquittal, that the State may appeal to this court, without having any question of law reserved, and obtain its opinion upon the correctness of the acquittal under the evidence. The opinions which this court is authorized to pronounce, on an appeal by the State, under the statute, must be upon matter of law, and not of fact. ..."

The above case further held that where a trial court has found for a defendant upon the evidence and a defendant thus acquitted, we may not review the facts on appeal, even though the evidence consists of an agreed statement.

See also: *The State* v. *Van Valkenburg* (1878), 60 Ind. 302; *State* v. *Phillips* (1900), 25 Ind. App. 579, 58 N. E. 727; *State* v. *Sopher* (1901), 157 Ind. 360, 61 N. E. 785; *State* v. *Laughlin* (1908), 171 Ind. 66, 84 N. E. 756; 9 I. L. E., sec. 592, p. 84.

For the reasons stated, we find no error on the part of the trial court presented for review.

The appeal is dismissed.

Jackson, C. J. and Bobbitt, Landis and Achor, JJ., concur.

NOTE.—Reported in 170 N. E. 2d 236.