## GIBBS *v.* STATE OF INDIANA.

[No. 23,070. Filed March 28, 1917.]

1. CRIMINAL LAW.—*Harmless Error.—Exclusion of Evidence.*—In a prosecution for petit larceny, defendant was not harmed by the exclusion of general statements as to her conduct when she sold chickens alleged to have been stolen and when informed of the theft, where the record shows that her conduct was specifically stated and described in answers to other questions. p. 199.

2. LARCENY.—*Appeal.—Evidence.—Identity of Property.*—In a prosecution for a theft of chickens, it was not error to exhibit to the jury the chickens alleged to have been stolen and one owned by a witness, the feet of the chickens having been marked with a punch, in connection with testimony that the prosecuting witness had so marked his chickens and that the witness had borrowed the punch to mark his chickens, although the accused claimed that her chickens were similarly marked with a punch purchased some time previous for that purpose. p. 200.

3. WITNESSES.—*Impeachment.—Contradictory Statements.—Collateral.—Matters.*—While it is the rule that when a witness is questioned as to some fact in his life or conduct tending to affect his credibility, the fact being collateral to the issue on trial, the answer of the witness is binding, yet, when a witness has testified to a fact pertinent to the issue being tried, he may be asked if at a certain time and place he made statements contradictory to his testimony, and, upon a denial, witness may be called to show that on such occasion he made such contradictory statements. p. 200.

4. WITNESSES.— *Cross-Examination.— Scope.— Impeachment.— Contradictory Statements.*—Where, in a prosecution for a theft of chickens, a witness testified that she had learned from de-

fendant that the latter's chickens were marked in a certain manner prior to the theft in question, it was proper to permit the witness to be interrogated on cross-examination as to whether she had stated at a certain time and place, that the accused had told her that she herself did not know that her chickens were so marked until after the theft in issue; and it was not error to permit another witness to be called to testify that the witness had made such statement to him, as it was pertinent to the issue being tried, the accused also having testified as to the marks on the chickens. p. 201.

From Hendricks Circuit Court; *George W. Brill,* Judge.

Prosecution by the State of Indiana against Ella Gibbs. From a judgment of conviction, the defendant appeals. *Affirmed.*

*George R. Harvey, Edgar M. Blessing* and *Samuel Ashby,* for appellant.

*Evan B. Stotsenburg,* Attorney-General, and *Thomas H. Branaman,* for the State.

HARVEY, J.—This is an appeal from judgment on a verdict of guilty under a ·charge of petit larceny. There is no recital of the evidence in the brief; and therefore it may be fairly assumed that counsel do not rely for reversal on the general charge that the verdict is contrary to the evidence, and that it is not sustained by sufficient evidence. As to most of the points stated relating to the admission and exclusion of evidence, we accept the fact that counsel do not cite authorities indicating error, nor present reasons for their position, as indicating that counsel do not regard such admissions and exclusions as materially harmful; and on consideration thereof, in connection with the transcript of the evidence, this court is also of such opinion.

Counsel claim that it was unfair to appellant to admit evidence of the action of the chickens alleged to have been stolen as indicating that the chickens did not seem wild or afraid in the presence of their alleged

owner when she examined them at a grocery where they had been sold, and to exclude evidence sought by the questions of appellant as to the conduct of the chickens in controversy in her yard, such evidence tending to show that the chickens were not wild and that they did not remain apart from her other chickens; appellant's position being that the chickens she sold belonged to her. Counsel do not question the relevancy of such conduct of the chickens as evidence. Considering the liberality shown in admitting other evidence relating to such matters, we do not feel that such unfairness was shown in the respect mentioned as justifies the granting of a new trial.

Counsel complain that the court should have admitted evidence tending to show that there was nothing unnatural in the conduct of the accused when she

1. sold the chickens and when she was informed that her neighbor asserted that the neighbor's barn had been entered and some of her chickens stolen. Aside from the question of whether such general characterization of her conduct was admissible, and as to whether the same was not objectionable as self-serving, the record shows that apellant's conduct was specifically stated and described in answer to other questions, and no harm to her resulted from the refusal of the court to admit the general statements referred to.

Complaint is made that appellant's sister, who was at her house the night the chickens were alleged to have been stolen, was not permitted to testify that the night was stormy, and that she observed no moisture or mud on appellant's clothing the next morning. We find by examination of the evidence that the sister had testified that she was not sure the clothing her sister wore the next morning was the same she had worn the night before. We further find the witness was thereafter permitted to state in answer to other similar questions that

she did not see any mud or wet places on appellant's dress next morning.

In connection with the testimony of the grocer who purchased the chickens in controversy of appellant, the chickens were exhibited to the jury. The feet of the chickens were marked by a hole punched through the foot. A neighbor was also permitted to state, in connection with his testimony, that he had borrowed of the prosecuting witness the punch described and therewith marked his chickens, and also to exhibit the punch mark on the foot of one of his chickens. The defendant claimed that her chickens were similarly marked with a punch she had purchased months before for that purpose. The method and the effect of thus marking the chickens were deemed by all parties of considerable importance at the trial, and we see no error in allowing the exhibition of the chickens of these witnesses in connection with the testimony of the respective witnesses.

Appellant chiefly relies on alleged error under the following general head: "Error to impeach witness on collateral matter." This heading indicates a confusion, which frequently occurs, of the rule to the effect that when a witness is questioned as to some fact in his life or conduct having a tendency to show that he is not worthy of belief, the fact being collateral to the issue on trial, the answer of the witness is binding, the consequence of an untruthful answer being between the witness and the state on a charge of perjury, and the other rule that when a witness has testified to a fact pertinent to the issue being tried he may be asked if at a time and place, fixed with reasonable certainty, he made statements contrary to his present testimony, and, upon a denial, witnesses may be called to show that at such a time and place he made such contradictory statements.

Appellant testified that she had marked her chickens with a punch months before the chickens of the prosecuting witness were stolen. A Mrs. Clarke was called and testified that defendant's chickens were marked with a punch, and that the defendant had shown her the marks. The testimony of the witness was to the effect that she had learned from the defendant that the latter's chickens were so marked, but she was somewhat uncertain as to when defendant had so told her. In so far as the testimony of this witness tended to show that she knew that defendant's chickens were marked prior to the time the chickens in controversy were stolen, it was entirely proper to ask the witness on cross-examination if she had not stated to a Mr. Kurtz, at a certain time and place, that the defendant had told her that the defendant herself did not know her chickens were marked until the Sunday after the chickens in controversy were taken. The objection to the question as to this conversation with Mr. Kurtz—that the same was not proper cross-examination—was properly overruled. No objection that this question was not proper for impeachment was made. Mr. Kurtz was asked in proper form whether Mrs. Clarke had so stated the facts to him. The objection to this question was that the witness could not be impeached on a collateral matter. The statement was as to a fact bearing on the issue being tried. It was to some extent contradictory to the prior testimony of the witness. *Seller* v. *Jenkins* (1884), 97 Ind. 430.

Finding no error in the record, the judgment is affirmed.

NOTE.—Reported in 115 N. E. 584. See under (1) 12 Cyc 926; (3) 40 Cyc 2735. Prior inconsistent statement as evidence of facts therein asserted, 21 Ann. Cas. 1238.