## YOUNG v. STATE. OF INDIANA.

[No. 24,358.    Filed December 5, 1923.    Rehearing denied February 28, 1924.]

1. CRIMINAL LAW.—*Appeal.*—*Briefs.*—*Waiver of Error by Failure to Discuss.*—Error assigned upon the overruling of a motion to quash an indictment is waived by failure to discuss it in the brief upon appeal.   p. 346.

2. WITNESSES. — *Impeachment.*— *Collateral Matter.*— *Cross-Examination.*—A witness may be contradicted as to his testimony concerning statements made at another time which, if true, would contradict or render improbable his testimony on a material matter, even though such testimony was on a collateral matter and was elicited on cross-examination.   p. 347.

3. WITNESSES.—*Cross-Examination.*—*Contradiction.*—A witness may be asked on cross-examination a question designed to show that he has any reason for favoring the party calling him, or opposing the opposite party, and his denial may be contradicted.   p. 348.

4. WITNESSES.—*Impeachment.*—*Collateral Matters.*—In a prosecution for conducting a gambling room, a police lieutenant having testified for defendants that he had investigated and found no gambling in the room in question, and having denied on cross-examination a conversation in which he ordered his men not to investigate the room, a policeman working under him was properly allowed to testify in rebuttal to the conversation denied, to show the lieutenant's motives and contradict and render improbable his testimony on a material matter.   p. 349.

5. CRIMINAL LAW.—*Admission of Evidence.*—*Objection When Proper as to One Defendant.*—In a prosecution of several defendants for conducting a gambling house, a question objected to by defendant Y, was asked of a witness concerning a conversation with defendant L, which contained no reference to defendant Y, but the answer thereto included a statement concerning Y; *held* that as the answer was responsive, and competent against defendant L, there was no error in overruling the objection to the question.   p. 349.

6. CRIMINAL LAW.—*Admission of Evidence.*—*Remedy by Motion to Strike Out.*—In a prosecution against joint defendants, a defendant who objects to the answer to a question which question was competent as to another defendant, should move to strike out the incompetent part, or ask the. court to limit its purpose by an instruction.   p. 350.

From Marion Criminal Court (52,234) ; *Harry O. Chamberlain,* Special Judge.

Archie Young, Harry Lee and John Neely were con-victed of keeping a room for gaming, and Archie Young appeals. *Affirmed.*

*Holmes & McCallister,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

GAUSE, J.—This was a prosecution against the appel-lant, Archie Young, alias "Joker" Young, and Harry Lee and John Neely, in which the defendants were joint-ly charged in a grand jury indictment with unlawfully keeping a certain room at 522 Indiana avenue in the city of Indianapolis, to be used and occupied for gaming.

The defendants were jointly tried and convicted, each defendant being fined $500 and being sentenced to the Indiana State Farm for a period of six months.

The appellant, Archie Young, has appealed and as-signed as error the overruling of his motion to quash the indictment, and the overruling of his motion for

1. a new trial.    The appellant has not discussed his assignment upon the ruling on the motion to quash and this is deemed waived.   He has only set out and discussed in his brief two alleged errors contained in his motion for a new trial.   These both relate to. the action of the court below in admitting certain evidence over the objection of the appellant.

The indictment charged and the evidence tended to show that all three of the defendants kept a room on the second floor of a building at 522 Indiana avenue in the city of Indianapolis, which room was kept to be used and occupied for gaming.

One George Anderson, a lieutenant of police in said city, was a witness on behalf of said defendants.   He testified that he was assigned to the district which in-

cluded Indiana avenue during much of the time laid in the indictment; that during such times he had special officers under him; that patrolmen Hostetter and Okey were the special officers under him; that he often visited the room in question, as well as other rooms on the second floor on said street, and that he directed his said officers under him to visit said upstairs rooms, which they did; that he never saw any gambling conducted there. He was asked, on cross-examination, if he had ever had any conversation with either patrolman Hostetter or Okey as to their duties on the avenue, and he answered that he did. He was asked if he did not tell them not to go upstairs, and he answered that he did not. He was asked on cross-examination if he had not told one John Hostetter, a member of the city police force, that "Bill Armitage said not to go upstairs on the avenue, but to investigate downstairs and let the upstairs alone." To this question he answered, "No."

The state upon rebuttal then called said Patrolman Hostetter and he was asked if he had this conversation with Lieutenant Anderson and, over appellant's objection, he answered that he did.

The appellant claims that this was error, because it was an effort to impeach a witness upon a collateral matter, and that the state was bound by the answer of the witness Anderson, which he made on cross-examination.

While it is true that a party is generally bound by the answer of a witness on cross-examination to a question relating solely to a collateral matter, yet it is 2. also true that where a witness has been asked if at another time he made statements which, if true, are contradictory of or render improbable his testimony on a material matter and he answers in the negative, he may be contradicted, and this is so although the evidence which it is sought to impeach was brought

out on cross-examination. *Seller* v. *Jenkins* (1884), 97 Ind. 430; *Gibbs* v. *State* (1917), 186 Ind. 197.

It is also true that a witness may be asked on cross-examination a question designed to show that he has any reason for favoring the party calling him, or 3. opposing the opposite party, and his denial may be contradicted. This rule is stated by 5 Jones, Commentaries on Evidence (1914 ed.) §828, as follows: "The rule is now well settled that *questions,* on cross-examination, *which tend to impeach* the *impartiality* of the witness are *not irrelevant* to the issue in the sense that the cross-examiner is concluded by the answer. It is elementary law, supported by all authority, that the state of mind of a witness as to his bias or prejudice, his interests involved, his hostility or friendship towards the parties, are always proper matters for investigation, in order that truth may prevail and falsehood find its proper level." *Whitney* v. *State* (1900), 154 Ind. 573; *State* v. *McKinstry* (1896), 100 Iowa 82, 69 N. W. 267; *State* v. *Collins* (1885), 33 Kans. 77, 5 Pac. 368; *Daniel* v. *State* (1897), 103 Ga. 202, 29 S. E. 767; Gillett, Indirect and Collateral Evidence p. 139.

In the case of *State* v. *McKinstry, supra,* the rule was approved in the following language: "It is not collateral, but relevant to the main issue, to inquire into the motives of a witness; and a party who examines him in regard to them is not bound by his answers, but may contradict them."

In the case of *Daniel* v. *State, supra,* quoting from an earlier decision of the same court, it was said: "In every instance the state of mind of the witness, the motives which will probably influence his testimony, and the *temptations which may beset him to swear falsely,* are important to be known in passing intelligently upon his credibility." And from the same case: "These authorities show with unmistakable conclusiveness that

the *language* or conduct of a witness *indicating inter-est, prejudice, partisanship, or partiality,* in the case on trial, may be proved for the purpose of discrediting him." (The italics are ours.)

The evidence objected to was competent for the jury to consider in connection with the testimony of the witness Anderson that he had often visited the up-

4. stairs rooms and found no gambling, and that he had instructed the special officers under him to visit said rooms, and that he had not told them not to go upstairs.

The only other question raised by appellant in his brief relates to the alleged error of the court in over-ruling his objection to a question put to one Louis

5. Butler, a witness for the state. Said witness had testified that in the latter part of 1922, which was within the time covered by the indictment, William Armitage and John Zener drove up Indiana avenue in an automobile; that these men had a conversation with said witness and the appellant's codefendant, Lee.

The state then asked said witness the following question: "What was said in that conversation to Lee, or by Lee, and by either of you three gentlemen?" The appellant objected to this question, because it called for a conversation between Harry Lee and a third person not in the presence of the appellant, and for the further reason that it does not prove or disprove any issue before the jury. The objection was overruled and the witness answered as follows: "William Armitage says, 'Harry, close up tonight. I'm going over to tell Archie Young and then down to tell Big Jack. When I get back to police headquarters the squad will be out.'"

It is to be borne in mind that the defendant Lee, with whom the above conversation was held, was being tried jointly with the appellant. The question itself was clearly proper as to the defendant Lee. It called for a

conversation with him during the time covered by the indictment. There was nothing in the question that related to the appellant. The answer was also responsive and was competent evidence against the defendant Lee. The court committed no error in overruling the objection.

The question itself being proper as to one of the defendants on trial, then if any part of the answer was incompetent, it was the appellant's duty to move 6. to strike out the incompetent part. If the conversation was proper against the defendant Lee, and not against the appellant, then the appellant's remedy was to ask the court to limit its purpose by an instruction.

It is not appearing that the appellant asked the court to instruct the jury that such conversation was only evidence against the defendant Lee, he cannot complain now.

The court correctly overruled the objection to the question.

The foregoing are the only questions raised by the appellant, and it not appearing that any error was committed, the judgment is affirmed.

Ewbank, C. J., not participating.