SCHUBLE *v.* STATE OF INDIANA.

[No. 28,365. Filed June 2, 1948.]

W. H. *Hardy* and *Theodore Lockyear*, both of Evansville, for appellant.

*Cleon H. Foust*, Attorney General, *Frank E. Coughlin*, First Deputy Attorney General, and *Merl M. Wall*, Deputy Attorney General, for the state.

YOUNG, C. J.—Appellant was charged with grand larceny and upon trial was convicted and sentenced to imprisonment in the Indiana State prison for not less than one year nor more than ten years and fined $200.00.

Appellant assigns as error in this court only the overruling of his motion for a new trial, and the motion for a new trial assigned as error only that the verdict of the jury was not sustained by sufficient evidence and was contrary to law.

Appellant's first contention is that there was no proof of the *corpus delicti*, except as is recited in the confession of appellant. He argues that the *corpus delicti* was one of the facts that must be proved by the State and that extra judicial admissions or confessions of the accused are not alone sufficient to establish the *corpus delicti*. In the case before us it is not necessary to rely upon appellant's confession for proof of the *corpus delicti*. There was evidence from which the jury well could have found that $221.00 in currency and a number of checks were stolen from the office of the Evansville Musicians' Association in the afternoon of February 4, 1947. The secretary of the Association testified categorically to this effect. *Corpus delicti* means the fact that a crime has been committed, *Hunt* v. *State* (1939), 216 Ind.

171, 178, 23 N. E. 2d 681, and the testimony of the secretary of the Association above referred to was sufficient to establish that a crime had been committed. Hence we cannot agree with appellant's contention that there was insufficient evidence without the confession to establish the *corpus delicti*.

Appellant next contends that his confession was improperly admitted in evidence over his objection. Appellant failed properly to present this error, if indeed there was such error. The confession was in writing and was offered in evidence and was admitted in evidence over appellant's objection that it was not voluntary, but had been secured by coercion. Error in the admission of the confession is not alleged in the motion for a new trial and is not alleged in the assignment of errors filed in this court. Hence appellant has failed properly to bring the alleged error to the attention of this court. However, we have seen fit to consider the question, and we find that when the confession was offered in evidence the court excused the jury and at the request of the appellant heard evidence upon the question of whether the confession was voluntary or whether it was secured by coercion, and, after hearing such evidence, the court found against the appellant upon the question of coercion and admitted the confession in evidence.

One of the police officers who arrested appellant testified that he and a fellow policeman talked to appellant concerning the theft of money from the Evansville Musicians' Association and that the facts which appellant related were typed and he signed the typed statement in the presence of the officers. The officer further testified that the statements made were made voluntarily and that "there wasn't a hand put on him." The appellant testified that the police officers called his

attention to his past criminal record and told him that one Malcolm Hall would testify that he saw appellant take the money box containing the stolen money out of the safe at the Association office, but that if he would sign the confession and plead guilty they would not appear against him and would not bring anyone from the Musicians' Union to appear against him. He testified that one of the officers said that generally when a person was arrested and was stubborn and would not say what they wanted him to say they generally knocked his teeth down his throat; that the police officer had known appellant and his brothers when they were young and the officer said because of that he was giving appellant every possible chance. He admitted that no violence had been used but said that if he had not been told that Malcolm Hall would testify that he had seen appellant take the money, and if he had not been threatened with having his teeth knocked down his throat he would not have made the statement. He said that due to the fact that he had a long criminal record in the past and that more than the amount of stolen money was found upon him he thought it was best for him to try to get off as easily as he could.

Appellant was 30 years old, a musician, the leader of a dance band in Evansville and there was no indication that he was not a person of at least average intelligence. He also claimed that when he was searched his clothes were taken off of him and that he was questioned for four hours, but there was no evidence that this questioning was for four straight, continuous hours, but, on the contrary, the evidence was such that it might have been that he was questioned only intermittently and at intervals over a period of four hours. Appellant cites the cases of *Chambers* v. *State of Florida* (1940), 309 U. S. 227, 84 L. ed. 716, and

*McNabb* v. *United States* (1943), 318 U. S. 332, 87 L. ed. 819, but the facts in the case before us do not even remotely approach the situation disclosed in the two cases cited.

Section 9-1607, Burns' 1942 Replacement reads as follows: "The confession of a defendant made under inducement, with all the circumstances, may be given in evidence against him, except when made under the influence of fear produced by threats or by intimidation or undue influence; but a confession made under inducement is not sufficient to warrant a conviction without corroborating evidence." Under this statute the inducements, which appellant claims were offered him, were not sufficient to keep his confession from the jury. To render the confession incompetent it was necessary that it be made under the influence of fear produced by threats, or intimidation, or undue influence. *Mack* v. *State* (1931), 203 Ind. 355, 372, 180 N. E. 279.

This court has frequently held that a confession is *prima facie* admissible and that the burden of showing its incompetency is on the defendant. *Caudill* v. *State* (1946), 224 Ind. 531, 538, 69 N. E. 2d 549, 552, and cases cited; *Milbourn* v. *State of Indiana* (1937), 212 Ind. 161, 163, 8 N. E. 2d 985, and cases cited.

The admissibility of a confession is to be determined by the court after hearing evidence of the circumstances under which it was made, and this court will not weigh the evidence, but, if there is any substantial evidence or reasonable inference to be drawn from any substantial evidence to sustain the conclusion of the court on the question of admissibility, this court will not disturb the result. *Caudill* v. *State*,

*supra,* and cases cited; *Mack* v. *State, supra,* at p. 374 of 203 Ind., and cases cited.

While the law protects persons charged with crime from ill treatment and unfair advantage by law officers, the securing of voluntary confessions from guilty criminals is to be desired and the reasonable examination of prisoners charged with crime or suspected of crime is and should be allowed in the interest of the public welfare and safety. *Bonahoon* v. *State* (1931), 203 Ind. 51, 55, 178 N. E. 570; *Mack* v. *State, supra; Caudill* v. *State, supra.*

In the case before us the judge who tried the case heard all the evidence and saw all the witnesses and was better able than we to appraise their credibility and to weigh their testimony. We are not prepared to say that there was no evidence upon which the court could base a reasonable inference that the confession was voluntary, and, hence, we cannot hold that the admission of the confession in evidence constituted reversible error.

Appellant's third contention is that the affidavit charges him with stealing money from the Evansville Musicians' Association and he says that there was no proof that the Evansville Musicians' Association is a corporation or entity of any kind capable of owning the property said to have been stolen. It is contended that this should have been proved or the individuals who did own the property (presumably the members of the association) should have been shown, and that this failure constituted a failure to prove a material allegation of the affidavit. There is authority to support this contention and appellant's counsel cite *People* v. *Cohen* (1933), 352 Ill. 380, 185 N. E. 608; 88 A. L. R. 481, 484. This may be the rule in Illinois and in other states but we do not think it

is the rule in Indiana. The rule of common law, requiring great particularity in the description of persons alleged to be the owners of property in prosecutions for larceny or embezzlement, has been relaxed in many jurisdictions. In *People* v. *Cohen, supra,* relied upon by appellant, it is stated that under Illinois law the ownership of property embezzled or stolen must be alleged with the same accuracy as is required by common law, unless the rule is modified by statute. In Indiana the old technical rule has, we think, been modified by statute.

We have a statute which reads as follows:

> "When any offense is committed upon or in relation to any property belonging to partners, or to several joint owners, or which, when the offense was committed, was in possession of a bailee or tenant, the indictment or affidavit for such offense shall be deemed sufficient if it allege the ownership of such property to be in such partnership by its firm name, or in any one of such partners, owners, bailors or bailees, tenant or tenants, without naming all of them; . . ." § 9-1121, Burns' 1942 Replacement.

In State v. Williams (1885), 103 Ind. 235, 236, 2 N. E. 585, this court held that, under the statute to which we have just referred, it would be sufficient to use the firm name in alleging the ownership of partnership property, the possession of which was charged in an indictment to have been obtained by means of false pretenses.

In *Kruger* v. *State* (1893), 135 Ind. 573, 575, 35 N. E. 1019, there was an indictment for arson and it charged that the property burned belonged to "Bernd Brothers," whereas the proof was that it belonged to Peter and Daniel Bernd, their firm name being Bernd Brothers. It was held that the allegation of ownership in the firm name was proper and that there was no

material variance between the proof and the charge and the judgment against the accused was affirmed.

A relaxation of the old rule is also shown in the case of *Rhoads* v. *State* (1946); 224 Ind. 569, 573, 70 N. E. 2d 27, 28, where it was held that it is not essential that the absolute ownership of property be in the person alleged to be the owner. It is sufficient if the evidence shows him to be in possession of the property as bailee, agent, trustee, executor or administrator. See also, *State* v. *Tillett* (1909), 173 Ind. 133, 89 N. E. 589.

In *Davis* v. *State* (1924), 196 Ind. 213, 218, 147 N. E. 766, quoting from Wharton, Criminal Procedure (10th ed.) § 592, it is said:

> "But this old rule requiring great particularity in the description of persons, under which it is or was necessary to allege the incorporation of the company in order to show right to own property, has been relaxed in many jurisdictions, in which latter jurisdictions it is held that where the name of the company itself imports an association or a corporation, there need be no specific allegation that it is such. This is a modern principle in criminal pleading which is thought to be abundantly supported by the decided cases laying down the rule as to the sufficiency of the pleading of ownership of property in other branches of criminal law."

The record in this case shows without contradiction that the Evansville Musicians' Association was a labor union and it is a matter of common knowledge that such organizations frequently execute contracts and hold property and do business in their group name. In the case before us it was shown without contradiction that the money stolen was the property of such a group or organization doing business under the name of Evansville Musicians' Association. Under our statute and our decisions we think it was proper for the State to allege and prove that the associa-

tion was the owner of the money stolen, and we can conceive of no harm or prejudice which could have accrued to the appellant by reason of the failure of the State more particularly to allege and prove the ownership of the money stolen. Hence, we reject the contention of appellant that there was error in the trial of this case in this respect.

Appellant has alleged generally in his motion for a new trial that the evidence was not sufficient to sustain the verdict. We will not weigh the evidence but will look only to that most favorable to the State. There was evidence of probative value that the secretary of the Evansville Musicians' Association collected its dues and paid its bills and kept its money in a tin box in a safe in the office of the association. That on the day charged in the affidavit there was $221.00 in cash and some checks in this tin box and it was stolen from the safe. Appellant was in and about the office of the association at or about the time the theft occurred and there was evidence that he was alone in the room where the money was kept at or about the time it was stolen. Shortly afterwards he delivered $180.00 to a friend to keep for him because he understood the police wanted him and he did not want to appear at the police station with so much money on his person. At the police station when he was searched $48.00 more was found. In addition there was the written confession in which he admitted stealing the tin box and taking the cash and throwing the box and the checks in the river. Certainly this all constituted abundant evidence from which the jury properly could have found, and did find, appellant guilty.

The judgment is affirmed.

Note.—Reported in 79 N. E. 2d 647.