9 N.J. Super. 135 (1950)
75 A.2d 476
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
VINCENT CICENIA, ET AL., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued August 7, 1950.
Decided August 17, 1950.
*136 Before Judges JACOBS, BIGELOW and JAYNE.
Mr. Frank A. Palmieri argued the cause for the appellant.
Mr. C. William Caruso argued the cause for the respondent (Mr. Duane E. Minard, Jr., Essex County Prosecutor, attorney).
The opinion of the court was delivered by JACOBS, S.J.A.D.
The defendants Cicenia, Corvino and DeMasi were indicted for murder. Before trial the appellant Cicenia applied for an inspection of alleged confessions by the defendants and for an order suppressing his confession on the ground that it had been obtained while he was under arrest without complaint or warrant, without having been advised of his constitutional rights and after having been denied counsel. But cf. State v. Pierce, 4 N.J. 252, 261 (1950); State v. Bunk, 4 N.J. 461, 470 (1950). In addition, leave was sought to take oral testimony in support of the application to suppress. The County Court, after pointing out that the admissibility of the confession may be determined at the trial, questioned its power to suppress it in advance thereof and denied the application in its entirety. Thereupon, and without awaiting trial, appeal was taken to the Appellate Division.
The practice has long been established in our State, as well as elsewhere, of determining the admissibility of a confession *137 at the trial; there the rights of the defendant may be fully protected by having the court pass on its competency and the jury on its credibility. See State v. Cole, 136 N.J.L. 606, 612 (E. & A. 1947). The same practice has been followed since the adoption of our new Rules (see State v. Pierce, supra; State v. Bunk, supra) and we find nothing therein to support the contention that, upon application, the court is obliged to determine the admissibility of the confession before the trial. Indeed, although our Rules have in large measure been patterned after the Federal Rules, we have not adopted any counterpart of Federal Rule of Criminal Procedure 41 which specifically permits motions to suppress certain types of evidence before trial. Cf. In re Fried, 161 F.2d 453, 466 (2d Cir. 1947); cert. dismissed, 332 U.S. 807 (1947). It is not our purpose to imply that there is a total absence of power to entertain such motion to suppress before trial; on the contrary, there may well be special situations where the interests of justice will dictate that the issue be determined immediately and in such instances the trial court ought do so in the proper exercise of its discretion. Cf. In re Fried, supra. However, nothing whatever was presented by the appellant which suggested any reason for departing from the customary practice of deferring determination of the admissibility of the confession until trial.
The appellant asserts that he has an absolute right to inspect copies of his confession and the confessions of his co-defendants, relying primarily on Rule 2:5-8(c) which provides that the court may direct that books, papers, documents or other objects designated in a subpoena be produced before the court at a time prior to trial. This Rule was taken from Federal Rule of Criminal Procedure 17; we did not adopt Federal Rule 16 which provides that upon motion the court may order the attorney for the government to permit the defendant to inspect books, papers, documents or tangible objects obtained from or belonging to the defendant or obtained from others by seizure or process. In Shores v. United States, 174 F.2d 838 (8th Cir. 1949), the court held that *138 even under the comprehensive provisions of the Federal Rules the defendant has no absolute right to obtain copies of confessions obtained by the government, and the same interpretation is to be given to our Rules. See State v. Bunk, 63 A.2d 842 (N.J. Co. Ct. 1949), not officially reported. However, the Shores case did recognize that apart from any express Rule the trial court has inherent discretionary power to compel discovery by the government in advance of trial, particularly where the defendant seeks a copy of his confession. In reaching a similar result the Maryland Court of Appeals in State v. Haas, 188 Md. 63, 51 A.2d 647 (1947), pointed out that in England the accused is now permitted to see the bulk of the evidence against him before trial and that the trend of modern authority in the United States is to recognize that the trial judge has discretionary power to approve inspection in advance of trial. In the course of his opinion Chief Judge Marbury said:
"We are not impressed by the fear of the prosecuting attorneys that the exercise of such discretion will change the whole practice of criminal law in this State, or will make the securing of proper convictions more difficult to obtain. It has not apparently had that effect elsewhere and we see no reason why it should have it here. On the other hand, there seems to be a measure of elemental justice in permitting one accused of crime to see a confession alleged to have been made by him, which he expects to be produced against him at his trial. Confessions are not always written exactly as they are made, nor is the most meticulous care always displayed by the police authorities in obtaining and transcribing them. The trial court can be made aware of the particular circumstances surrounding a confession in any particular case, and then determine whether it is in the interest of justice that the defendant should see a copy of it before trial."
In the instant matter the appellant has rested his position entirely upon the erroneous contention that he has an absolute right of inspection; he has not charged that there was an abuse of discretion by the trial court and, in any event, there is no evidence in the record before us which would support such charge if made. Cf. State v. Bunk, supra, at p. 845.
*139 As we have indicated, the order of the County Court was within the exercise of its discretion; in addition, it was clearly interlocutory (Cogen v. United States, 278 U.S. 221, 73 L.Ed. 275 (1929)) and did not come within the limited classes of interlocutory orders appealable to the Appellate Division. See Rules 4:2-1, 4:2-2; Semenya v. Metals Disintegrating Co., 5 N.J. Super. 363 (App. Div. 1949). Since the appellant's appeal has been presented to and fully argued by the parties before the Appellate Division and they have made no reference to the Supreme Court's certification Rule 1:5-1(b) in their briefs nor have they at anytime taken any steps thereunder, we have not considered whether the Rule was intended to become applicable at this preliminary stage of the proceeding.
The appeal is dismissed.