McGEE *v.* STATE OF INDIANA;
RADFORD *v.* STATE OF INDIANA.

[No. 28,705. Filed March 27, 1952.]

424

*Wilbur F. Dassel*, of Evansville, for appellants.

*J. Emmett McManamon*, Attorney General; *Frank E. Coughlin* and *George W. Hand*, Deputy Attorneys General, for appellee.

EMMERT, J.—This is an appeal from judgments on verdicts finding each appellant guilty of armed robbery for which each was sentenced to ten years imprisonment. The alleged errors in the overruling of each appellant's motion to quash the affidavit, and motion in arrest of judgment have been waived by failure of appellants to comply with Rule 2-17 (e) in discussing such errors in the "Argument" section of appellants' original brief. Appellants have elected to

charge other errors occurring before trial as causes for a new trial as permitted by Rule 2-6.

The evidence, when viewed most favorably to the state, justified the jury in finding that John Robert Dixon and the two appellants the evening of Sunday, September 25, 1949, hailed and took passage in a Yellow Cab driven by David Young, and directed the driver to go to Uhlhorn and Grove Streets in the City of Evansville, but after they arrived there the driver was directed to go to the corner house at 1912 Grove Street, where the cab stopped. Appellant McGee stuck a gun in the back of Young's neck and said, "Get your hands up, don't make a move for the mike and you won't get hurt." Dixon got out of the cab before McGee drew his gun, and left the scene at once and returned to his home. Dixon had been suffering with blood poisoning in his right hand, which was bandaged, and noticeable to the driver. Appellants completed the robbery and took $11.60 in cash from the driver, his wrist watch, billfold, fountain pen, and cigarette lighter. After the robbery McGee gave Radford 35¢ which he said was Radford's share of the proceeds. Later the same evening McGee and Radford went to Dixon's home and wanted in, but Dixon refused them admittance. Dixon got none of the articles or money. The gun was never found by the police.

The robbery was reported that evening, and the story of the robbery and descriptions broadcast by radio which was heard by some of the arresting officers, who made an investigation of the crime. The early morning of Wednesday, September 27th, four members of the Evansville Police Department, acting upon information that led them to believe that McGee and Dixon were guilty of the robbery, went to the Dixon home where Dixon was sleeping, and told Dixon, "The Chief wants to talk to you." Dixon did not ask what he was

charged with, but accompanied the police to police headquarters without protest. Before leaving, the police searched the house which was maintained by Dixon's father and mother, but found nothing.

Immediately thereafter the four policemen went to the house where McGee was sleeping, and they were admitted by his father. McGee was sleeping in the basement where he was awakened by the officers, who stated that the chief wanted to talk to him. Handcuffs were placed on McGee and he was taken to police headquarters. Before leaving the house the police searched the place but nothing was found. Both Dixon and McGee knew one or more of the officers to be members of the police force of Evansville.

As soon as McGee and Dixon arrived at police headquarters, the police began questioning Dixon about the robbery, and in about thirty minutes he confessed the crime, and gave a statement to the police of the details of the robbery naming appellants McGee and Radford as the robbers. The statement was reduced to writing in the form of questions and answers and signed by Dixon.[1] The officers then told McGee of Dixon's statement, and thereafter McGee signed a written confession also in the form of questions and answers. Both statements implicated Radford. The next day Radford was taken in custody about 2:00 o'clock P. M., and he also signed a statement admitting the crime.

Before trial all defendants by counsel filed separate verified motions to suppress all evidence obtained by the searches and to suppress their statements and confessions. After a hearing had before trial, these motions were overruled.

---

[1] A confession in this form has been held admissible. *Ogle* v. *State* (1923), 193 Ind. 187, 190, 127 N. E. 547.

There was no error in overruling the motion as to the searches, for no evidence implicating the defendants was obtained by the searches complained of, if it be assumed they were illegal.

Appellants' counsel earnestly and ably contends we should change the rule announced and followed in *Kokenes* v. *State* (1938), 213 Ind. 476, 13 N. E. 2d 524, which holds that an accused has no right to have a confession suppressed prior to the time of the trial, and that overruling such a motion to suppress prior to trial presents no error on appeal. We have carefully examined the opinions of *In Re Fried* (1947), 161 F. 2d 453, and have fully considered all the arguments for a change in our present rule, and we are of the unanimous opinion that *Kokenes* v. *State, supra,* should not be overruled. The accused has his day in court on the issue of admissibility of the confession when the confession is offered in evidence at the time of trial. It was not error for the trial court to overrule appellants' motion to suppress their confessions.

"A confession, when offered in evidence against the accused, is prima facie admissible, and the necessity of showing its incompetency under the statute devolves upon him. *State* v. *Laughlin* (1908), 171 Ind. 66, 84 N. E. 756; *Hauck* v. *State* (1897), 148 Ind. 238, 46 N. E. 127." *Anderson* v. *State* (1933), 205 Ind. 607, 616, 186 N. E. 316.

Even though the court rules the confession admissible in evidence, its credibility is for the jury, and the accused has the right to introduce evidence to affect its credibility and if "it is introduced in evidence, the defendant has the right to present to the jury evidence as to the conditions under which it was obtained, evidence that he did not make the

confession, or evidence which tends to contradict, discredit, or lessen the weight of the confession or of any statement therein. 16 C. J. 737; *Mack* v. *State* (1931), 203 Ind. 355, 373, 180 N. E. 279." *Hicks* v. *State* (1937), 213 Ind. 277, 293, 11 N. E. 2d 171, 12 N. E. 2d 501. Of course thereafter the state has the right to offer evidence in rebuttal.

"It is true that the law protects accused persons from ill treatment and unfair advantage by law officers, but it is also true that the securing of voluntary confessions from guilty persons is desirable, and should be allowed in the interest of the public welfare and safety." *Marshall* v. *State* (1949), 227 Ind. 1, 10, 83 N. E. 2d 763. See also *Schuble* v. *State* (1948), 226 Ind. 299, 79 N. E. 2d 647; *Eiffe* v. *State* (1948), 226 Ind. 57, 62, 77 N. E. 2d 750.

The appellants assert that force, coercion and threats were used to obtain the confessions. The evidence on this issue was conflicting, and there was ample evidence, which the court had the right to believe, that the confessions were given voluntarily and not obtained in violation of any statutory or constitutional right. In such cases we are not at liberty to weigh the evidence heard by the trial court. *Mack* v. *State* (1932), 203 Ind. 355, 180 N. E. 279; *Anderson* v. *State* (1933), 205 Ind. 607, 186 N. E. 316, *supra;* *Hicks* v. *State* (1937), 213 Ind. 277, 11 N. E. 2d 171, 12 N. E. 2d 501, *supra; Hawkins* v. *State* (1941), 219 Ind. 116, 37 N. E. 2d 79; *Schuble* v. *State* (1948), 226 Ind. 299, 79 N. E. 2d 647, *supra.* There is no merit to appellants' contention that the confessions are inadmissible because they were subsequently charged by affidavit with the offense of vagrancy before the formal charge of robbery was filed. In our opinion the evidence shows that appellants were in custody for the armed robbery

at the time their confessions were obtained. We do not approve of the procedure adopted by the state in filing an unwarranted charge of vagrancy, and then dismissing it before the charge of armed robbery was filed.[2] However, the fact that an accused is held under a charge of vagrancy, during which time he confesses to a serious felony offense, does not thereby make the confession inadmissible. *Alstott* v. *State* (1933), 205 Ind. 92, 95, 185 N. E. 896.

The state proceeded to try all three defendants, but Dixon took the stand as a witness for the state and testified as to everything he knew about the ▮ robbery. His evidence was corroborated by the testimony of Young. A conviction in this state may be had on the uncorroborated testimony of an accomplice alone. *Pleak* v. *State* (1929), 201 Ind. 274, 167 N. E. 524. The three confessions were introduced in evidence, but no objection was made by counsel for the appellants that the separate confessions should only be considered as evidence against the one making it. At the conclusion of the state's evidence, the state dismissed the charge as to Dixon. No motion was made to strike out his confession, nor was any instruction requested that the jury disregard for all purposes his confession, nor was any request made that the trial court instruct the jury to limit the consideration of each confession to the appellant making it. Appellants are not now in a position to assert here the court committed error in failing to instruct the jury to limit the consideration of the confessions at the time of introduction, or by failing to instruct the jury to wholly disregard

---

[2] Attention is directed to Ch. 273 of the 1949 Acts, §9-704a, *et seq.*, Burns' 1942 Replacement (1951 Supp.). There was no reason why the charge of robbery could not have been filed as soon as the first confession was obtained.

the confession of Dixon. *Young* v. *State* (1923), 194 Ind. 345, 350, 141 N. E. 629.

Appellants did not request the court to give any instructions to the jury. We find no error in any of the instructions the court gave to the jury. The court did not err in overruling appellants' motion for a new trial.

Judgments affirmed.

NOTE.—Reported in 104 N. E. 2d 726.