STATE *vs.* MICHAEL OLIVIERI.

JULY 25, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

ANDREWS, J. This is a criminal complaint charging the defendant with larceny of personal property valued at $79.05. It was instituted in the district court of the sixth judicial district where he was found guilty and thereafter he appealed to the superior court. In that court the defendant waived a jury trial and was again found guilty. He thereupon prosecuted his bill of exceptions to this court.

The defendant's exceptions numbered 1, 2 and 3 have been expressly waived. The following exceptions are pressed: Exception 4, to the decision of the trial justice refusing his motion for a continuance for the purpose of filing additional pleas; exception 5, to the decision denying his motion for permission to file special pleas after his plea of not guilty; exception 6, to the decision refusing to hear oral testimony on his motion to suppress; exception 7, to the decision denying his offer of proof; and exception 8, to the decision denying his motion to dismiss at the close of the state's case.

The record discloses no indication as to what further pleas the defendant wished to file, and as he could show practically every defense under his plea of not guilty no prejudice resulting from the denial of his motion for a continuance has been shown. His fourth exception is overruled. What we have said in disposing of that exception is equally true of his fifth exception, which is overruled.

We will now consider his exceptions numbered 6 and 7. The superior court did not err in refusing to hear evidence on defendant's motion to suppress his admission of guilt to the arresting officers or in denying his offer of proof thereon. That motion was based upon his claim, first, that such admission was procured as a result of his arrest and detention in violation of public laws 1941, chapter 982, sec. 68, clause 1, and, secondly, that he was denied his constitutional right to counsel in violation of article 1, sec. 10, of our constitution unless he made such admission.

The defendant cites no authority for his claimed right to suppress such evidence before trial and, while there is some, we think the weight of authority and reason are against the practice, because the defendant has the opportunity to object to the admission of his confession at the trial. The defendant here did not avail himself of that opportunity because he did not object to any of the state's evidence which included the admissions of defendant which constituted his admission of guilt. Furthermore, defendant offered no evidence on this phase; in fact he offered no evidence at all.

In *McGee* v. *State,* 230 Ind. 423, it was held that the trial court did not commit error in denying a similar motion. At page 428 the court stated: "The accused has his day in court on the issue of admissibility of the confession when the confession is offered in evidence at the time of trial." Chief Justice Vanderbilt, speaking for an unanimous court in *State* v. *Cicenia,* 6 N. J. 296, disapproved this piecemeal litigation of criminal cases. See also *Walker* v. *State of Texas,* 286 S. W. 2d 144, where the court of criminal appeals of Texas said that such a practice was not recognized in that state. Exceptions 6 and 7 are overruled.

Exception numbered 8, to the denial of his motion to dismiss at the end of the state's case, is not a valid exception. The defendant did not rest until after the denial of his motion and he did not renew it. *State* v. *McElroy,* 71 R. I. 379, 381; *State* v. *Bruni,* 79 R. I. 311, 317. It would seem that defendant was not making a motion to dismiss based upon a lack of evidence to prove the crime, since he expressly based such motion upon the grounds of his motion to suppress. In his brief, defendant has argued that there was a failure of proof but at the trial he said that the state's first witness had testified to "all the elements of the crime * * *." Had the defendant made this motion at the proper time, we are of the opinion that it should have been

denied because there was evidence to go to a jury on all the elements of the crime. This exception is overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

FLYNN, C. J., did not participate in the decision.

## ON MOTION FOR REARGUMENT.

### AUGUST 2, 1957.

PER CURIAM. After our decision in the above case the defendant asked and received permission to file a motion for reargument. Pursuant to this permission he has filed such a motion, setting out therein certain reasons on which he bases his contention that justice requires a reargument of the case. We have carefully considered all those reasons and we are of the opinion that they are without merit.

Motion denied.

*William E. Powers,* Atty. Gen., *John F. O'Connell,* Special Counsel, for State.

*Aram K. Berberian,* for defendant.