HAMMOND ET AL. *v.* STATE OF INDIANA.

[No. 29,773. Filed February 18, 1960.]

314

*Cecil C. Tague, Sr.,* of Brookville, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling,* Assistant Attorney General and *John A. Pushor,* Deputy Attorney General, for appellee.

ARTERBURN, C. J.—This is an appeal from a judgment of the Franklin Circuit Court in which the appellants were convicted of the crime of second-degree burglary. All the appellants except Charles E. Hammond have dismissed their appeal herein.

The appellant first claims that the verdict of the jury

is not sustained by sufficient evidence and is contrary to law. The contention centers primarily about the alleged date the offense was committed. The affidavit charged the burglary was committed on the 6th day of July, 1958. The testimony of the owners of the store burglarized is to the effect that on Wednesday or Thursday following the Fourth of July, which would be the 9th or 10th, they discovered the remains of a ham in the refrigerator with the door ajar and certain merchandise missing, including wieners, cigarettes and shotgun shells. Upon further investigation they also discovered the coal window or chute in the basement had been used as an entrance. The fastenings on the window were unhooked and the coal dust about the window sill had been brushed and disturbed. The defendant Hammond made a confession to the police officers in which he stated the burglary took place on the 6th of July.

The State does not have to prove the particular date alleged in the indictment or affidavit so long as it is within the period of the statutes of limitation, since time is not of the essence of the particular offense involved. Acts 1905, ch. 169, §175, p. 584, being §9-1106, Burns' 1956 Repl.; *Reed* v. *State* (1953), 232 Ind. 68, 111 N. E. 2d 661; *Dixon* v. *State* (1945), 223 Ind. 521, 62 N. E. 2d 629; *Bond* v. *State* (1927), 199 Ind. 484, 158 N. E. 241; *Thompson* v. *State* (1928), 199 Ind. 697, 160 N. E. 293.

For the reasons stated there is no insufficiency in the evidence on the point raised and the court committed no error in that particular.

The appellant next urges error with reference to certain evidence: (1) The introduction of State's Exhibit 1, the same being three packs of cigarettes, and (2) The introduction of the written confessions of appellant Hammond and co-defendant

Ernest Parrett. With reference to the first exhibit, the specification in the motion for a new trial is insufficient, since the motion fails to set forth specifically the objections made to Exhibit No. 1. We are not compelled to search the record in this particular; however, the transcript shows that no specific objection was ever made to the introduction of State's Exhibit 1. For that reason, no question is presented to the court in regard to the introduction of State's Exhibit No. 1.

Appellant next claims that it was improper to permit the jury to consider the confession of Ernest Parrett, a co-defendant, insofar as the guilt or innocence of appellant Hammond was concerned. Here again the record fails to show any objection on that score, nor was any request made of the court to instruct the jury to confine its consideration of such confession to the determination of the innocence or guilt of defendant Parrett. No error was saved in the trial court for review here on the point urged. *McGee* v. *State; Radford* v. *State* (1952), 230 Ind. 423, 104 N. E. 2d 726; *Young* v. *State* (1923), 194 Ind. 345, 141 N. E. 629.

The appellant also states that part of Ernest Parrett's confession was covered by a blank sheet of paper, so that the jury was not able to read part of it. The appellant claims that this action created suspicion in the minds of the jurors and it was prejudicial. We fail to find any objection in the record on the part of the appellant with respect to the court's blanking out part of the confession. On the other hand, we do find that the record shows an objection was made to the jury's reading the entire exhibit (before part of it was blanked out) on the ground that it revealed that Parrett was involved in another offense. For the

reasons stated, no error is presented to this court in the particular urged.

Appellant next urges that the trial court committed error in admitting the confession of appellant Hammond on the ground that it was obtained under duress and also upon the ground that the corpus delicti was not proved. We recognize that a confession is not admissible unless the corpus delicti is proved by independent evidence. *Hogan* v. *State* (1956), 235 Ind. 271, 132 N. E. 2d 908; *Dennis* v. *State* (1952), 230 Ind. 210, 102 N. E. 2d 650; *Parker* v. *State* (1949), 228 Ind. 1, 88 N. E. 2d 556; *Jackson, etc.* v. *State* (1958), 238 Ind. 365, 151 N. E. 2d 141; *Markiton* v. *State* (1957), 236 Ind. 232, 139 N. E. 2d 440. No objection was made to the confession upon the latter ground. However, we point out we have set forth some of the evidence in the first part of this opinion. This shows by the testimony of the store owners that the crime charged, to-wit: burglary, was committed and the corpus delicti was proved by evidence independent of the confession.

The appellant complains that the confessions were obtained under duress because police officers, in investigating the crime, sought out the appellant and the other co-defendants and questioned them, and as a result obtained their written confession or statements under fear. The record shows the court heard the evidence outside the presence of the jury with reference to the admissibility of the confessions upon the issue of duress and threats used to obtain the same. The trial court, after hearing conflicting evidence upon the issue, ruled that the confessions were admissible. So long as there is substantial evidence to support the court's finding in the above particular, this court on appeal, is not at liberty to weigh the evidence heard by

the trial court. *McGee* v. *State; Radford* v. *State* (1952), 230 Ind. 423, 104 N. E. 2d 726; *Hawkins* v. *State* (1941), 219 Ind. 116, 37 N. E. 2d 79; *Schuble* v. *State* (1948), 226 Ind. 299, 79 N. E. 2d 647.

The judgment of the trial court is affirmed.

Bobbitt and Landis, JJ., concur.

Jackson, J., concurs in result.

Achor, J., not participating because of illness.

NOTE.—Reported in 164 N. E. 2d 640.