## Commonwealth v. Gazaille

*Alvin B. Lewis, Jr.*, District Attorney, and *George E. Christianson*, Assistant District Attorney.

*Daniel E. Long* and *Frank E. Seiders*, for defendant.

GATES, P. J., March 2, 1963.—On January 31, 1963, defendant filed a motion to suppress certain evidence, averring that he was arrested on November 27, 1962, placed in jail, and charged with various acts of robbery, burglary and receiving stolen goods. Further, that after extensive questioning, he made certain statements in writing purporting to be a confession, which confession he asks to be suppressed, inasmuch as it was allegedly obtained by coercion, duress and promises of leniency. Defendant requests us to hold a hearing and thereafter to enter an order directing the suppresion of the confession.

The district attorney answered this motion denying that the confession was illegally obtained and averring that, on the contrary, the statements were secured from defendant consensually, voluntarily and without any physical and psychological coercion, duress or promises of leniency. The district attorney's answer urges us to dismiss the motion on the grounds that a pretrial motion to suppress a confession is premature, improper and not recognized by the laws of this Commonwealth.

Thereafter, both defendant and the district attorney submitted briefs to us on this vital procedural matter.

We perceive the issue here to be this. Is defendant entitled to a pretrial and collateral determination of the voluntariness and admissibility of an alleged confession?

We are of the opinion that defendant is not entitled to the relief he asks for in his motion at this stage of a criminal proceeding.

It is unquestionably a constitutional guarantee under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States that a conviction in a State court following the admission into evidence of a confession which is involuntary cannot stand: Rogers v. Richmond, 365 U. S. 534. However, the substantive law with regard to voluntariness and admissibility is not an issue at this point. What is important is *when* this determination of admissibility is to be made.

It is unquestionably the law in this Commonwealth that the admissibility of the confession should be determined by the court before it is submitted to the jury, if the facts are not in dispute. On the issue of the voluntary character of a confession, the court should hear the State's evidence and need not hear evidence offered by defendant, although defendant has a right to cross examine the Commonwealth's witnesses, with the view of disclosing the involuntary character of the confession. If the evidence thus adduced is not conflicting and establishes constitutionally impermissible methods of producing the confession, the court should rule the confession inadmissible, and it should not be submitted to the jury. On the other hand, if the evidence indicates that a voluntary confession was made, it should be submitted at this point. However, if defendant thereafter produces conflicting testimony which, if believed, would tend to establish that the confession was not voluntarily made, it should be submitted to the jury under proper instructions to disregard it if the jury finds it not to have been voluntary. This has been the accepted procedure for determining the admissibility of confessions in this Commonwealth for many years. See Commonwealth v. Smith, 374 Pa. 220; Commonwealth v. Dilsworth, 289 Pa. 498; Commonwealth v. Lawrence, 282 Pa. 128; and Commonwealth v. Friday, 171 Pa. Superior Ct. 397.

We do not determine it advisable to depart from this established procedural method of determining the admissibility of confessions. Nor does defendant have a statutory or constitutional right to the relief he seeks. The Fourteenth Amendment does not forbid jury trial to determine whether or not a confession was voluntary. The States are free to allocate functions as between judge and jury as they see fit: Stein v. New York, 346 U. S. 156, 179. It is clear that, under the common law of Pennsylvania, if the facts concerning the events leading to the confession are beyond dispute, the admissibility of a confession becomes a question of law for the court's summary disposition at the time the confession is offered at the trial. Ordinarily, however, whether a particular confession is less than voluntary depends upon issues of fact which are for the jury to resolve: Commonwealth v. Williams, 197 Pa. Superior Ct. 184; Commonwealth v. Bryant, 367 Pa. 135.

The district attorney, in his very capable brief, cites numerous decisions from other jurisdictions which hold clearly that the procedure of pretrial suppression of confessions is improper and premature. These holdings are to the effect that the established method of considering a confession at the time of trial is adequate protection for the accused.[1]

---

[1] People v. Reed, 333 Ill. 397, 164 N. E. 847 (1928); People v. Fox, 319 Ill. 606, 150 N. E. 347 (1925); Kokenes v. State, 213 Ind. 476, 13 N. E. 2d 524 (1938); People v. Nentarz, 142 Misc. 477, 254 N. Y. S. 574 (1931); United States v. Lydecker, 275 Fed. 976 (D. C. W. D. N. Y. 1921); Eastus v. Bradshaw, 94 F. 2d 788 (C. C. A. 5th 1938); State v. Cicenia, 9 N. J. Super. 135, 75 A. 2d 476 (1950) and State v. Cicenia, 6 N. J. 296, 78 A. 2d 568 (1951) (cert. denied, 350 U. S. 925, 76 S. Ct. 215, 100 L. Ed 1); McGee v. State, 230 Ind. 423, 104 N. E. 2d 726 (1952); Walker v. State, Court of Criminal Appeals of Texas, 286 S. W. 2d 144 (1955); People v. Rodriguez, 213 N. Y. S. 2d 677 (1961); People v. Rodriguez, 213 N. Y. S. 2d 680 (1961).

There are very practical considerations for this holding. Under the law of this Commonwealth, a defendant is not entitled, as of right, to examine a confession in the hands of the district attorney prior to trial: Di-Joseph Petition, 394 Pa. 19; Commonwealth v. Kotch, 22 D. & C. 2d 105; 2 Wharton's Criminal Evidence, 1311 et seq. (12th Ed.). If this pretrial procedure were to be allowed, a defendant could thus circumvent the established law and create dilatory and delaying procedures which would have the tendency only to hamper and prevent a speedy determination of a criminal charge. This we are not inclined to allow, unless the mandate is clear from an appellate court.

Therefore, after due and careful consideration, we make the following

*Order*

And now, to wit, March 2, 1963, defendant's motion to suppress evidence is refused.

